IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VEHICLE IP, LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AT&T MOBILITY LLC,<br>CELLCO PARTNERSHIP,<br>GARMIN INTERNATIONAL, INC.,<br>GARMIN USA, INC.,<br>NETWORKS IN MOTION, INC.,<br>TELECOMMUNICATION SYSTEMS, INC.,<br>TELENAV INC.,<br>UNITED PARCEL SERVICE, INC., and<br>UPS LOGISTICS TECHNOLOGIES, INC.,<br><br>　　　　　　Defendants. | Civil Case No._____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Vehicle IP, LLC files this Complaint and demand for jury trial seeking relief for patent infringement by the Defendants. Vehicle IP, LLC states and alleges the following:

### THE PARTIES

1. Plaintiff Vehicle IP, LLC ("VIP") is a Delaware limited liability company, having its principal place of business at 5101 Wheelis Drive, Suite 100, Memphis, Tennessee 38117. VIP is wholly-owned by Vehicle Safety & Compliance, LLC ("VSAC") located in Memphis, Tennessee. VSAC is a transportation technology company that invents, develops and sells products principally for commercial vehicles.

2. On information and belief, Defendant AT&T Mobility LLC ("AT&T Mobility") is a limited liability company organized and existing under the laws of the State of Delaware,

with its principal place of business located at 5565 Glenridge Connector, Atlanta, Georgia 30342. AT&T Mobility LLC is a subsidiary of AT&T, Inc. and was formerly known as Cingular Wireless, LLC.

3.      On information and belief, Defendant Cellco Partnership, d/b/a as Verizon Wireless, is a partnership organized and existing under the laws of the state of Delaware, with its principal place of business located at 1 Verizon Way, Basking Ridge, New Jersey 07920. Verizon Wireless is a joint venture between Verizon Communications Inc. and Vodaphone Group PLC, with Verizon Communications Inc. owning 55% of Verizon Wireless.

4.      On information and belief, Defendant Garmin International, Inc. is a corporation organized and existing under the laws of the state of Kansas, with its principal place of business located at 1200 East 151st Street, Olathe, Kansas 66062.

5.      On information and belief, Defendant Garmin USA, Inc. is a corporation organized and existing under the laws of the state of Kansas, with its principal place of business located at 1200 East 151st Street, Olathe, Kansas 66062. Garmin International, Inc. and Garmin USA, Inc. are subsidiaries of Garmin Ltd., and both companies are collectively referred to as the "Garmin Defendants."

6.      On information and belief, Defendant Networks In Motion, Inc. ("NIM") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 6A Liberty, Aliso Viejo, California 92656.

7.      On information and belief, Defendant TeleCommunication Systems, Inc. ("TCS") is a corporation organized and existing under the laws of the state of Maryland, with its principal place of business located at 275 West Street, Annapolis, Maryland 21401. Upon information and belief, NIM is a wholly-owned subsidiary of TCS.

8. On information and belief, TeleNav, Inc. ("TeleNav") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 1130 Keifer Road, Sunnyvale, California 94806.

9. On information and belief, Defendant United Parcel Service, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 55 Glenlake Parkway N.E., Atlanta, Georgia 30328.

10. On information and belief, Defendant UPS Logistics Technologies, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 849 Fairmount Ave., Suite 400, Baltimore, Maryland 21286. UPS Logistics Technologies, Inc. is a subsidiary of United Parcel Service, Inc., and both companies are collectively referred to as the "UPS Defendants."

## JURISDICTION AND VENUE

11. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over AT&T Mobility because it was organized and is existing under the laws of the State of Delaware; because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

13. This Court has personal jurisdiction over Verizon Wireless because it was organized and is existing under the laws of the State of Delaware; because it regularly conducts

business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

14. This Court has personal jurisdiction over the Garmin Defendants because they both regularly conduct business in the State of Delaware and therefore have substantial and continuous contacts within this judicial district; because they have purposefully availed themselves to the privileges of conducting business in this judicial district; and/or because they each have committed acts of patent infringement in this judicial district.

15. This Court has personal jurisdiction over NIM because it was incorporated in the State of Delaware; because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

16. This Court has personal jurisdiction over TCS because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

17. This Court has personal jurisdiction over TeleNav because it was incorporated in the State of Delaware; because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has

purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

18. This Court has personal jurisdiction over the UPS Defendants because they were both incorporated in the State of Delaware; because they both regularly conduct business in the State of Delaware and therefore have substantial and continuous contacts within this judicial district; because they have purposefully availed themselves to the privileges of conducting business in this judicial district; and/or because they each have committed acts of patent infringement in this judicial district.

19. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT I
### (Patent Infringement)

20. VIP restates and realleges the preceding paragraphs of this Complaint.

21. On November 16, 1999, United States Patent No. 5,987,377 ("the '377 patent") entitled "Method and Apparatus for Determining Expected Time of Arrival" was duly and legally issued by the United States Patent and Trademark Office. VIP owns the '377 patent. A true and correct copy of the '377 patent is attached as Exhibit A.

22. Defendant AT&T Mobility has made, used, sold, and offered for sale and is currently making, using, selling, and offering for sale a navigation service that determines an expected time of arrival, including, but not limited to, a service under the name AT&T Navigator. Through these activities, Defendant AT&T Mobility has been infringing, actively inducing others to infringe, and/or contributing to the infringement of the '377 patent.

23. Defendant Verizon Wireless has made, used, sold, and offered for sale and is currently making, using, selling, and offering for sale a navigation service that determines an

expected time of arrival, including, but not limited to, a service under the name VZ Navigator. Through these activities, Defendant Verizon Wireless has been infringing, actively inducing others to infringe, and/or contributing to the infringement of the '377 patent.

24.     Defendant Verizon Wireless was given notice of the '377 patent by VIP at least as early as February 25, 2008.

25.     Defendant Verizon Wireless has been and is infringing the '377 patent with knowledge of the patent, and thus Verizon Wireless's infringement is willful.

26.     The Garmin Defendants have made, used, sold, and offered for sale and are currently making, using, selling, and offering for sale a navigation service that determines an expected time of arrival, including, but not limited to, a service under the name Garmin Mobile. Through these activities, the Garmin Defendants have been infringing, actively inducing others to infringe, and/or contributing to the infringement of the '377 patent.

27.     Defendant NIM has made, used, sold, and offered for sale and is currently making, using, selling, and offering for sale a navigation service that determines an expected time of arrival, including, but not limited to, a service under the name VZ Navigator. Through these activities, Defendant NIM has been infringing, actively inducing others to infringe, and/or contributing to the infringement of the '377 patent.

28.     Defendant NIM was given notice of the '377 patent by VIP at least as early as February 25, 2008.

29.     Defendant NIM has been and is infringing the '377 patent with knowledge of the patent, and thus NIM's infringement is willful.

30.     Defendant TCS has made, used, sold, and offered for sale and is currently making, using, selling, and offering for sale a navigation service that determines an expected

time of arrival, including, but not limited to, a service under the name TCS Navigator. Through these activities, Defendant TCS has been infringing, actively inducing others to infringe, and/or contributing to the infringement of the '377 patent.

31. Defendant TeleNav has made, used, sold, and offered for sale and is currently making, using, selling, and offering for sale a navigation service that determines an expected time of arrival, including, but not limited to, a service under the name TeleNav GPS Navigator. Through these activities, Defendant TeleNav has been infringing, actively inducing others to infringe, and/or contributing to the infringement of the '377 patent.

32. The UPS Defendants have made, used, sold, and offered for sale and are currently making, using, selling, and offering for sale a fleet management service that determines an expected time of arrival, including, but not limited to, a service under the name MobileCast. Through these activities, the UPS Defendants have been infringing, actively inducing others to infringe, and/or contributing to the infringement of the '377 patent.

33. The UPS Defendants were given notice of the '377 patent by VIP at least as early as June 11, 2009.

34. The UPS Defendants have been and are infringing the '377 patent with knowledge of the patent, and thus the UPS Defendants' infringement is willful.

35. Upon information and belief, Defendants will continue to infringe the '377 patent unless and until they are enjoined by this Court.

36. The Defendants have caused and will continue to cause VIP irreparable injury and damage by infringing the '377 patent. VIP will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendants are enjoined from infringing the '377 patent.

## PRAYER FOR RELIEF

WHEREFORE, VIP respectfully request that this Court:

(1)     Enter judgment that Defendants have infringed the '377 patent;

(2)     Enter an order permanently enjoining Defendants and their officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '377 patent;

(3)     Award VIP damages in an amount sufficient to compensate it for Defendants' infringement of the '377 patent, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

(4)     Award VIP an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for all such acts of infringement, including damages for all infringing acts occurring after the jury's verdict;

(5)     Treble the damages awarded to VIP under 35 U.S.C. § 284 by reason of Defendants' willful infringement of the '377 patent;

(6)     Declare this case to be "exceptional" under 35 U.S.C. § 285 and award VIP its attorney fees, expenses, and costs incurred in this action; and

(7)     Award VIP such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

VIP demands a jury trial on all issues so triable.

Dated: December 31, 2009

**FISH & RICHARDSON P.C.**

By: ⟋Thomas L. Halkowski⟍
Thomas L. Halkowski (#4099)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
(302) 778-8407 Telephone
(302) 652-0607 Facsimile

Of Counsel:

Michael J. Kane
William R. Woodford
Jason M. Zucchi
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
(612) 335-5070 Telephone
(612) 288-9696 Facsimile

Attorneys for Plaintiff
VEHICLE IP, LLC