**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VEHICLE IP, LLC, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § C.A. No.: 09-1007-LPS |
| | § |
| AT&T MOBILITY LLC; | § |
| CELLCO PARTNERSHIP; | § |
| NETWORKS IN MOTION, INC.; | § |
| TELECOMMUNICATION SYSTEMS, INC.; | § |
| TELENAV INC.; | § |
| | § |
| Defendants. | § |

**PROPOSED PATENT SCHEDULING ORDER**

This __ day of ____ , 2015, the Court having conducted a second Case Management Conference/Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) and Judge Stark's Revised Procedures for Managing Patent Cases (which is posted at http://www.ded.uscourts.gov; see Chambers, Judge Leonard P. Stark, Patent Cases) on _____201_, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.  This Scheduling Order supersedes and replaces the prior Scheduling Order (D.I. 55), except for the deadline to amend the pleadings or to join parties, which has passed.

2.  <u>Papers Filed Under Seal</u>.  In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document. Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start

**Error! Unknown document property name.**

of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

3. <u>Courtesy Copies</u>. Other than with respect to "discovery matters," which are governed by paragraph 6(k), and the final pretrial order, which is governed by paragraph 12, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

4. <u>ADR Process</u>. This matter was previously referred to Magistrate Judge Christopher J. Burke for the purposes of exploring alternative dispute resolution (*see* D.I. 107).

5. <u>Disclosures</u>.

    a. <u>Infringement Contentions.</u>  Plaintiff shall serve its Final Infringement Contentions by <u>August 20, 2015</u>.

    b. <u>Invalidity Contentions</u>.  Defendants shall serve their Final Invalidity Contentions by <u>September 17, 2015</u>.

    c. <u>Reduction of Asserted Claims/Prior Art References</u>.  The parties will meet and confer on a plan to reduce the number of asserted claims and prior art references/invalidity contentions. Plaintiff will reduce the number of asserted claims to an agreed number by <u>October

8, 2015, and Defendants will then reduce the number of prior art references/invalidity contentions to an agreed number three weeks after Plaintiff reduces the number of asserted claims (i.e., by October 29, 2015). If the parties are unable to reach an agreement on this issue, they will present their proposals to the Court for decision well in advance of October 8, 2015.

      6.    Discovery. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed. The parties agree that all pleadings and papers not filed with the Court will be served electronically unless voluminous, which in that case will be served by overnight mail.

      a.    Electronic Service. The parties stipulate that service of letters, discovery requests, and other documents that are not required to be filed with the Court electronically shall be made, at a minimum, via e-mail addressed to counsel of record. The parties consent to service by e-mail in accordance with Fed. R. Civ. P. 5(b)(2)(E), and agree that service by e-mail shall constitute personal service (as if made under Fed. R. Civ. P. 5(b)(2)(A)) for purposes of calculating due dates under Fed. R. Civ. P. 6. For documents other than court filings that are electronically served via the Court's CM/ECF system, the parties further agree that for service by e-mail to be effective on a particular day, the e-mail must be sent no later than 6:00 p.m. Eastern time; otherwise, the document shall be deemed to have been served on the next court day thereafter.

      b.    The last day to serve written discovery and amend Rule 26 disclosures will be October 1, 2015.

      c.    Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before November 19, 2015.

    d.  <u>Document Production</u>.  The parties will update their document productions (including updated technical information regarding Accused Products and sales information through the expiration of the patent in suit) by <u>April 30, 2015</u>.  The number of document requests served by Plaintiff and each Defendant shall be unlimited, but if a party believes that any requests served upon it are oppressive, unnecessary, or duplicative of other discovery, it may for good cause shown seek a protective order from the Court.

    e.  <u>Requests for Admission</u>.  Plaintiff shall be limited to serving 75 requests for admission on each of the four (4) Defendant Groups[1] (excluding requests related to the authenticity of documents or things).  Each Defendant Group shall be limited to serving 25 common requests for admission on Plaintiff (excluding requests relating to the authenticity of documents and things), where "common" is defined as requiring one response that is the same as to all Defendants and which requires no differentiation between Defendants, and each Defendant Group shall be limited to serving 50 individual requests for admission on Plaintiff (excluding requests relating to the authenticity of documents or things).  A response to a Request for Admission may be used to the extent allowed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

    f.  <u>Interrogatories</u>.  The parties will update their interrogatory responses (including responses to contention interrogatories) by <u>April 30, 2015</u>.  Plaintiff may serve a maximum of fifteen (15) common interrogatories, and a maximum of fifteen (15) interrogatories specific to each of the four (4) Defendant Groups.  Defendants may serve a maximum of fifteen

---

[1] As used herein, there are four (4) separate Defendant groups remaining in this case:  Group 1 (AT&T Mobility LLC); Group 2 (Cellco Partnership); Group 3 (collectively, Networks in Motion, Inc. and Telecommunication Systems, Inc.); and Group 4 (Telenav Inc.).

(15) common interrogatories on Plaintiff, and a maximum of fifteen (15) interrogatories by each Defendant Group. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive. A response to an Interrogatory may be used to the extent allowed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

    g.    <u>Depositions</u>.

        i.    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 250 hours of taking testimony by deposition upon oral examination (exclusive of depositions of expert witnesses).

        ii.    Each of the named inventors may be deposed for two seven (7) hour (7) days.

        iii.    Plaintiff shall be limited to twenty-eight (28) hours of deposition testimony under Fed. R. Civ. P. 30(b)(6) of each Defendant Group, and Defendants shall collectively be limited to twenty-eight (28) hours of deposition testimony under Fed. R. Civ. P. 30(b)(6) of Plaintiff.

        iv.    Any deponent who testifies in a language other than English will be considered for purposes of the hours limitation as giving 0.6 hours of testimony for everyone hour of examination.

        v.    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a

counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

vi. Limitation on Hours for Expert Deposition Discovery. No later than ten (10) days following the exchange of responsive disclosures of expert opinions, the parties shall meet and confer regarding the limitation on hours for expert deposition discovery and attempt in good faith to reach agreement on such limitation. No later than seven (7) days following the parties' meet and confer, the parties shall file a joint statement regarding the outcome of their conference regarding limitation on hours of expert deposition discovery and identify any issues in dispute that require the Court's attention.

h. Disclosure of Expert Testimony. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before February 4, 2016. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before March 3, 2016. Reply expert reports from the party with the initial burden of proof are due on or before March 24, 2016. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. All expert discovery shall be completed by May 5, 2016.

i. Expert Report Supplementation. The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

j. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by

motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

      k.      <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

      i.      Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

      ii.      Should counsel find, after good faith efforts - including *verbal* communication among Delaware and Lead Counsel for all parties to the dispute- that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Stark:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel:_____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

      iii.      On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the

conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

    iv. Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

    v. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

  7. <u>Discovery Limits Subject to Prior Discovery</u>.  All discovery previously taken in this litigation counts toward the above-specified discovery limits, with the exception of the depositions taken in the context of the early summary judgment proceedings.

  8. <u>Motions to Amend</u>.

    a. Any motion to amend (including a motion for leave to amend) a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

    b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

    c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

  9. <u>Motions to Strike</u>.

      a.      Any motion to strike any pleading or other document shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

      b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

      c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

10.      <u>Case Dispositive Motions</u>.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before <u>June 2, 2016</u>.  Responsive briefs shall be served and filed on or before <u>June 30, 2016</u>.  Reply briefs shall be served and filed on or before <u>July 21, 2016</u>.  Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order.  The parties have a disagreement regarding the propriety of additional motions for summary judgment of non-infringement and present their competing positions below:

    ***Plaintiff's position:***  VIP contends that further dispositive motions on the issue of non-infringement are not appropriate.  VIP previously agreed to move up the dispositive motion deadline so that the Court could address the non-infringement arguments that Defendants raised early in the case.  Defendants should not be allowed to file a second round of summary judgment motions on non-infringement issues.  Any additional non-infringement arguments should have been raised by Defendants in their original

9

motions. Allowing multiple summary judgment motions on the same issues wastes the resources of both the Court and the parties. VIP thus requests that the Court order that any future dispositive motions be available for all issues except non-infringement.

**_Defendants' position_:** Defendants contend that additional motions for summary judgment on the infringement issue are appropriate. The parties' prior stipulation regarding early summary judgment (*see* D.I. 173) was predicated on the Court adopting Defendants' construction of the "expected time of arrival…at a waypoint" limitation, and was intended to avoid unnecessary time and expense at the earlier stages of the case while this dispositive issue was decided. But for the Federal Circuit's reversal, that goal would have succeeded, as this Court granted summary judgment on that limitation.[2] Nothing in the parties' prior Stipulation envisioned that Defendants would present any and all bases for summary judgment at that time—to the contrary, the whole point was a rifle-shot, case dispositive ruling based on the Court's claim construction. At this time, neither fact nor expert discovery have been completed, and such discovery may lead to additional non-infringement arguments appropriate for summary judgment. Moreover, the Federal Circuit's claim construction, which is the law of the case, may make summary judgment on certain aspects of the infringement issue appropriate. Defendants should not be precluded from resolving—or at least streamlining—this case through summary judgment of non-infringement.

    a.    <u>No early motions without leave</u>. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

---

[2] AT&T Mobility LLC and Telenav Inc. were the only Defendants to request summary judgment on the "dispatch" limitation, which this Court did not decide.

    b.  <u>Page limits combined with Daubert motion page limits</u>.  Each party is permitted to file as many case dispositive motions as desired; provided, however, that each ***SIDE*** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed.  In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each ***SIDE***.[3]  These page limits only apply to the parties' briefing going forward.  These page limits do not include any prior summary judgment briefing that began on February 14, 2012.

    c.  <u>Hearing</u>.  The Court will hear argument on all pending case dispositive and Daubert motions on <u>August 17, 2016</u> beginning at ____.  Subject to further order of the Court, each side will be allocated a total of forty-five (45) minutes to present its argument on all pending motions.

  11.  <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

  12.  <u>Pretrial Conference</u>.  On <u>October 24, 2016</u>, the Court will hold a pretrial conference in Court with counsel beginning at _____.  Unless otherwise ordered by the Court, the

---

[3] The parties must work together to ensure that the Court receives no more than a ***total*** of ***250 pages*** (i.e., 50 + 50+25 regarding one side's motions, and 50 + 50+ 25 regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

11

parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order – Patent, which can be found on the Court's website (www.ded.uscourts.gov), on or before <u>October 6, 2016</u>. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order – Patent, the parties shall include in their final pretrial order, among other things:

a. <u>a request for a specific number of **hours** for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be 5 ½ to 6 ½ hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

b. <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony</u>, including objections based on lack of completeness and/or lack of inconsistency;

c. <u>their position as to whether the Court should rule at trial on objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

d. <u>their position as to how to make motions for judgment as a matter of law</u>, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

13. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

14. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms on or before <u>October 13, 2016</u>. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in WordPerfect or Microsoft Word format, which may be submitted by e-mail to Judge Stark's staff.

15. <u>Trial</u>. This matter is scheduled for a ten (10) day[4] jury trial beginning at 9:30 a.m. on <u>November 7, 2016</u>, with the subsequent trial days beginning at 9:00 a.m.[5] Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

16. <u>Judgment on Verdict and Post-Trial Status Report</u>. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

17. <u>Post-Trial Motions</u>. Unless otherwise ordered by the Court, all **SIDES** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

 _____
 UNITED STATES DISTRICT JUDGE

---

[4] ***Plaintiff's position*** is that the estimated trial times account for the time needed for trial for all Defendants, while ***Defendants' position*** is that the estimated trial time is per each individual trial.

[5] Defendants AT&T Mobility LLC and Telenav Inc. on the one hand, and Defendants Cellco Partnership, Networks in Motion, Inc. and Telecommunication Systems, Inc., on the other hand, will request separate trials in this matter under 35 U.S.C. 299 (noting that this case was filed before the passage of the America Invents Act, which provides for separate trials for these separate groups of defendants, which are alleged to infringe based on different accused products). VIP will respond to that request if and when made to the Court.