## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VEHICLE IP, LLC, | |
| Plaintiff, | C.A. No. 09-1007-LPS |
| v. | |
| AT&T MOBILITY LLC, CELLCO PARTNERSHIP, NETWORKS IN MOTION, INC., TELECOMMUNICATION SYSTEMS, INC., and TELENAV, INC., | |
| Defendants. | |

**DEFENDANTS TELECOMMUNICATION SYSTEMS, INC., NETWORKS IN MOTION, INC., AND CELLCO PARTNERSHIP'S OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS THAT ALL ASSERTED CLAIMS OF U.S. PATENT NO. 5,987,377 ARE INVALID UNDER 35 U.S.C. § 101**

*Of Counsel:*

Edward A. Pennington
Siddhesh V. Pandit
John P. Moy
Sean T. C. Phelan
John P. Pennington
SMITH, GAMBRELL & RUSSELL, LLP
1055 Thomas Jefferson St. NW, Suite 400
Washington, D.C. 20007
(202) 263-4300
epennington@sgrlaw.com
spandit@sgrlaw.com
jmoy@sgrlaw.com
sphelan@sgrlaw.com
jpennington@sgrlaw.com

Dated: December 21, 2015

ASHBY & GEDDES
John G. Day (#2403)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendants*
*TeleCommunication Systems, Inc.,*
*Networks In Motion, Inc., and*
*Cellco Partnership*

{01072466;v1 }

# TABLE OF CONTENTS

I.      NATURE AND STAGE OF THE PROCEEDINGS ..........................................................1

II.     SUMMARY OF ARGUMENT ......................................................................................1

III.    FACTUAL BACKGROUND ..........................................................................................2

IV.     GOVERNING LEGAL STANDARDS...........................................................................5

      A.      Judgment on the Pleadings...................................................................................5

      B.      Invalidity Under 35 U.S.C. § 101 ........................................................................5

V.      ARGUMENT .................................................................................................................6

      A.      The '377 Patent Claims the Abstract Idea of Estimating the Expected Time
            of Arrival.............................................................................................................7

      B.      The Claims Do Not Contain an Inventive Concept .............................................11

VI.     CONCLUSION.............................................................................................................15

# TABLE OF AUTHORITIES

## Cases

*Accenture Global Servs., GmbH v. Guidewire Software, Inc.*,
  728 F.3d 1336 (Fed. Cir. 2013) ...................................................................7, 11

*Alice Corp. Pty. v. CLS Bank Int'l*,
  134 S. Ct. 2347 (2014)..........................................................................passim

*Bancorp Services, LLC v. Sun Life Assur. Co.*,
  687 F.3d 1266 (Fed. Cir. 2012) ...................................................................12

*Bilski v. Kappos*,
  130 S. Ct. 3218 (2010)...................................................................7, 12, 13

*buySAFE, Inc. v. Google Inc.*,
  964 F. Supp. 2d 331 (D. Del. 2013),
  *aff'd*, 765 F.3d 1350 (Fed. Cir. 2014) ............................................................6

*Content Extraction and Transmission LLC v. Wells Fargo Bank, N.A.*,
  776 F.3d 1343 (Fed. Cir. 2014) .....................................................................7

*Cybersource Corp. v. Retail Decisions, Inc.*,
  654 F.3d 1366 (Fed. Cir. 2011) ...................................................................10

*Diamond v. Diehr*,
  101 S. Ct. 1048 (1981).................................................................................10

*Encyclopaedia Britannica, Inc. v. Dickstein Shapiro LLP*,
  No. CV 10-454 (RCL),
  2015 WL 5093798 (D.D.C. Aug. 27, 2015) ...............................................14

*In re Roslin Inst. (Edinburgh)*,
  750 F.3d 1333 (Fed. Cir. 2014) ................................................................1, 5

*MacroPoint, LLC v. FourKites, Inc.*,
  No. 1:15-cv-1002,
  2015 WL 6870118 (D. Ohio. Nov. 6, 2015).................................................10

*Mayo Collaborative Servs. v. Prometheus Labs.*,
  132 S. Ct. 1289 (2012)..........................................................................passim

*OIP Techs., Inc. v. Amazon.com, Inc.*,
  788 F.3d 1359 (Fed. Cir. 2015) ...................................................................14

*Personalized Media Commc'ns v. Amazon.com, Inc.*,
  No. 13-cv-1608-RGA,
  2015 WL 4730906 (D. Del. Aug. 10, 2015) ...............................................15

*Rosenau v. Unifund Corp.*,
  539 F.3d 218 (3d Cir. 2008) ..........................................................................5

*Tuxis Techs., LLC v. Amazon.com, Inc.*,
  No. 13-cv-1771-RGA,
  2015 WL 1387815 (D. Del. Mar. 25, 2015) ..............................................................15

*Ultramercial, Inc. v. Hulu, LLC*,
  772 F.3d 709 (Fed. Cir. 2014) .......................................................................7, 15

*Venetec Int'l, Inc. v. Nexus Med., LLC*,
  541 F. Supp. 2d 612 (D. Del. 2008) .............................................................5

*Wireless Media Innovations, LLC v. Maher Terminals, LLC*,
  No. 14-cv-7004,
  2015 WL 1810378 (D.N.J. Apr. 20, 2015) ..............................................................10

## Statutes

35 U.S.C. § 101 ...................................................................................6, 7, 11

## Rules

Fed. R. Civ. P. 12(c) .............................................................................5

## I.      NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Vehicle IP, LLC ("Vehicle IP") filed the instant action on December 31, 2009,

accusing several Defendants of infringing U.S. Patent No. 5,987,377 ("the '377 patent").  (D.I.

1).  This Court construed certain disputed patent claim terms on December 12, 2011.  (D.I. 168).

On February 10, 2012, the remaining Defendants in the case, TeleCommunication

Systems, Inc., Networks in Motion, Inc., Cellco Partnership, Telenav, Inc., and AT&T Mobility

LLC, filed Motions for Summary Judgment of Noninfringement.  (D.I. 177, 182).  This Court

granted Defendants' Motions on April 10, 2013.  (D.I. 241).

On November 18, 2014, the Court of Appeals for the Federal Circuit reversed this

Court's claim construction of the terms "way point" and "expected time of arrival" and

accordingly vacated the judgment of noninfringement and remanded the case back to this Court

for further proceedings.

On December 10, 2015, Vehicle IP reduced the number of patent claims it was asserting

against the Defendants to fifteen, pursuant to the Court's August 20, 2015 Amended Scheduling

Order.  (D.I. 306).  Specifically, Vehicle IP contends that the Defendants infringed claims 4-6, 8,

9, 15-17, 19, 21, 25, 27, 28, 30, and 32 of the '377 patent.

## II.     SUMMARY OF ARGUMENT

1.      Patent eligibility under 35 U.S.C. § 101 is a question of law.  *In re Roslin Inst.
(Edinburgh)*, 750 F.3d 1333, 1335 (Fed. Cir. 2014).  Under Section 101, an abstract idea is not

patentable.  *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014).

2.      The Supreme Court has set forth a framework for assessing patent eligibility.  A

district court must first determine whether the claim at issue is directed to a patent-ineligible

concept, *e.g.*, an abstract idea.  *Alice*, 134 S. Ct. at 2355.  If the claim is directed to an abstract

idea, the Court must then determine if there is an "inventive concept," that is, "an element or

combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more'" than a patent on an ineligible concept. *Id.* (quoting *Mayo Collaborative Servs. v. Prometheus Labs.*, 132 S. Ct. 1289 (2012)).

3.       The asserted claims of the '377 patent purport to cover the abstract process of calculating the expected time of arrival of a vehicle.  The claims are generally directed to: (1) generating destination information, including a plurality of way points, remotely from the vehicle; (2) transmitting that destination information to the vehicle; (3) determining, at the vehicle, the vehicle's own position; and (4) determining, at the vehicle, the vehicle's expected time of arrival at a location.

4.       Moreover, the claims lack any "inventive concept" that is "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [abstract idea] itself." *Alice*, 134 S. Ct. at 2355.  The claims largely require that the abstract idea of calculating the expected time of arrival be performed through the use of conventional computer activities, which does not constitute an inventive concept.

## III.   FACTUAL BACKGROUND

The '377 patent, titled "Method and Apparatus for Determining Expected Time of Arrival," is directed to a system for determining an expected time of arrival of a vehicle.  '377 patent, Abstract.  The "Background of the Invention" section of the '377 patent acknowledges that people had been calculating expected times of arrival well before the filing of the patent:

> Many customers of mobile communications systems desire an accurate determination of their expected time of arrival at a particular destination, and perhaps reporting of this time to a remote location. For example, a cellular telephone in a vehicle or carried by a person offers a convenient communication link to report expected time of arrival information. One method to determine an expected time of arrival uses the average travel time from a point of origin to a destination.

'377 patent, col. 1, lines 23-31.

The '377 patent purports to "provide[ ] a system for determining an expected time of arrival that integrates positioning technology with an existing mobile communications infrastructure." '377 patent, col. 1, lines 48-51.  One particular embodiment described in the patent specification is as follows:

> According to an embodiment of the present invention, a system for determining an expected time of arrival of a vehicle equipped with a mobile unit includes a dispatch remotely located from the vehicle. The dispatch generates destination information for the vehicle, specifying at least one destination. A communications link is coupled to the dispatch and receives the destination information for the vehicle from the dispatch. The mobile unit is coupled to the communications link and receives from the communications link the destination information for the vehicle generated by the dispatch. The mobile unit determines a vehicle position and, in response to the vehicle position, also determines the expected time of arrival of the vehicle at the destination identified by the destination information.

'377 patent, col. 1, lines 52-65.

Vehicle IP has now narrowed the asserted claims to the following: claims 4-6, 8, 9, 15-17, 19, 21, 25, 27, 28, 30, and 32.  Each of the asserted claims is a dependent claim.  Claims 4-6, 8, and 9 are dependent claims of claim 1; claims 15-17, 19, and 21 are dependent claims of claim 12; claims 25, 27, 28, 30, and 32 are dependent claims of claim 23.

Independent claim 23, a method claim, reads as follows:

> 23. *A method for determining an expected time of arrival of a vehicle*, comprising:
>
> *generating destination information at a dispatch, the destination information specifying a plurality of way points*;
>
> *transmitting the destination information to the vehicle*;
>
> *determining at the vehicle the vehicle position*;
>
> *determining at the vehicle in response to the vehicle position the expected time of arrival of the vehicle at a way point identified by the destination information* and wherein the step of transmitting the destination information to the vehicle is performed using a cellular telephone network.

'377 patent, col. 16, lines 29-41 (emphasis added).

Independent claims 1 and 12 are system and apparatus versions of claim 23.

Claim 1 is a system claim that requires performance of the same steps recited in claim 23:

> 1. *A system for determining an expected time of arrival of a vehicle* equipped with a mobile unit, comprising:
>
> a dispatch remotely located from the vehicle, the dispatch operable to *generate destination information for the vehicle, the destination information specifying a plurality of way points*;
>
> a communications link coupled to the dispatch, the communications link operable to receive the destination information for the vehicle from the dispatch; and
>
> the mobile unit coupled to the communications link, the mobile unit operable to *receive from the communications link the destination information for the vehicle generated by the dispatch*, the mobile unit further operable to *determine a vehicle position*, the mobile unit further operable to *determine in response to the vehicle position the expected time of arrival of the vehicle at a way point identified by the destination information* and wherein the communications link comprises a cellular telephone network.

'377 patent, col. 14, line 62 – col. 15, line 13 (emphasis added).

Similarly, claim 12, an apparatus claim, also requires performance of the same steps recited in claim 23:

> 12. *An apparatus on a vehicle for determining an expected time of arrival of the vehicle*, comprising:
>
> a communications device operable to *receive destination information from a dispatch, the destination information specifying a plurality of way points*;
>
> a positioning device operable to *determine a vehicle position*; and
>
> a processor coupled to the communications device and the positioning device, the processor operable to *receive destination information from the communications device and the vehicle position from the positioning device*, the processor further operable to *determine in response to the vehicle position the expected time of arrival of the vehicle at a way point identified by the destination information* and wherein the communications device comprises a cellular telephone.

'377 patent, col. 15, lines 48-63 (emphasis added).

The fifteen dependent claims asserted by Vehicle IP each add one of the following five limitations to their corresponding independent claims:

- Determining expected time of arrival in response to destination information further comprising an *expected travel speed*.  (Claims 4, 15, 27).

- Determining expected time of arrival in response to destination information further comprising *traffic or weather information*.  (Claims 5, 16, 28).

- Determining vehicle position using a *GPS receiver*.  (Claims 6, 17, 25).

- *Selecting a next way point* if the vehicle reaches a way point and *audibly communicating* information regarding the next way point.  (Claims 8, 19, 30).

- Displaying the way points *on a map*.  (Claims 9, 21, 32).

## IV.     GOVERNING LEGAL STANDARDS

### A.     Judgment on the Pleadings

Under Rule 12(c) of the Federal Rules of Civil Procedure, judgment on the pleadings is permitted "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  A court should grant judgment on the pleadings where "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law."  *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008).  "The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and exhibits thereto, and documents incorporated by reference."  *Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 617 (D. Del. 2008).

### B.     Invalidity Under 35 U.S.C. § 101

"Section 101 patent eligibility is a question of law."  *Roslin*, 750 F.3d at 1335.  Accordingly, a court may invalidate patent claims directed to non-eligible subject matter on the pleadings.  *buySAFE, Inc. v. Google Inc.*, 964 F. Supp. 2d 331, 337 (D. Del. 2013) (granting

motion for judgment on the pleadings to invalidate under Section 101), *aff'd*, 765 F.3d 1350 (Fed. Cir. 2014).

"Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court has "long held that this provision contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice*, 134 S. Ct. at 2354.

The Supreme Court has also "set forth a framework for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Id.* at 2355. The first step of this process is to "determine whether the claims at issue are directed to one of those patent-ineligible concepts." *Id.* The second step is "to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* (quoting *Mayo*, 132 S. Ct. at 1298). It is "a search for an 'inventive concept' – *i.e.*, an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Alice*, 134 S. Ct. at 2354 (quoting *Mayo*, 132 S. Ct. at 1294).

## V.   ARGUMENT

The asserted claims of the '377 patent are directed to subject matter that is not eligible for patent protection. Under the analysis set forth in *Alice*, the claims of the '377 patent – which amount to nothing more than calculating, at a vehicle, its expected time of arrival at a location – fail to comply with the requirements of Section 101 because they are directed to an abstract idea without any inventive concept sufficient to "'transform' the claimed abstract idea into a patent-eligible application." *See Alice*, 134 S. Ct. at 2357 (quoting *Mayo*, 132 S. Ct. at 1294).

### A.   The '377 Patent Claims the Abstract Idea of Estimating the Expected Time of Arrival

The first step of the framework set up by the Supreme Court in *Alice* is to "determine whether the claims at issue are directed to one of those patent-ineligible concepts," such as an abstract idea. *Alice*, 134 S. Ct. at 2355.   The goal of this step is to identify the "basic concept" or "heart" of the claims. *See id.* at 2355-56 (claims at issue were "drawn to the concept of intermediated settlement"); *id.* at 2356 (stating that claims in *Bilski v. Kappos*, 130 S. Ct. 3218 (2010), described "the basic concept of hedging, or protecting against risk"); *Content Extraction and Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1347 (Fed. Cir. 2014) (reducing claim elements to the "basic concept of data recognition and storage"); *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 714-15 (Fed. Cir. 2014) (determining "heart" of patent-in-suit was abstract idea).

For purposes of determining whether the asserted claims are directed to an abstract idea, the system and apparatus claims rise or fall with the method claims here because they are no different from the method claims in substance. *See Alice*, 134 S. Ct. at 2360 (where method claims recite an abstract idea, so did system claims as "the system claims are no different from the method claims in substance"); *see also Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1341 (Fed. Cir. 2013) (method and system/apparatus claims "should rise or fall together" under Section 101 where such claims "contain only 'minor differences in terminology but require performance of the same basic process'") (citations omitted.  Accordingly, for purposes of this motion, the discussion below centers on method claim 23.

At its core, the "basic concept" or "heart" of the '377 patent claims is estimating the expected time of arrival, a long-known and widely-practiced human activity: from the third-

grader estimating how long it will take him to walk to the school bus stop, to the professional deciding when to leave her house to make it to work in time for that 8:00 a.m. meeting, to the police officer telling his dispatcher that he will arrive at the crime scene in 5 minutes.

The '377 patent itself, in describing the "Background of the Invention," acknowledges the widespread practice of this basic human activity:

> Many customers of mobile communications systems desire an accurate determination of their expected time of arrival at a particular destination, and perhaps reporting of this time to a remote location. For example, a cellular telephone in a vehicle or carried by a person offers a convenient communication link to report expected time of arrival information. One method to determine an expected time of arrival uses the average travel time from a point of origin to a destination.

'377 patent, col. 1, lines 23-31. Indeed, this activity forms the basis of elementary math questions, such as: If Tommy drives from Chicago to New York at an average speed of 50 miles per hour, and the distance between Chicago and New York is 800 miles, how long will it take Tommy to arrive in New York? The solution is found through the application of a simple mathematical formula, Distance = Rate * Time, or stated another way, Time = Distance / Rate.[1]

The asserted claims of the '377 patent are directed to the basic idea of calculating the expected time of arrival in the following manner:  (1) generating destination information, including a plurality of way points, remotely from the vehicle; (2) transmitting that destination information to the vehicle; (3) determining, at the vehicle, the vehicle's own position; and (4) determining, at the vehicle, the vehicle's expected time of arrival at a location. These claims are nothing more than a description of prior-existing, basic human activity, one that has been practiced well before the filing of the '377 patent.

---

[1] Here, "Distance" is 800 miles, and "Rate" is 50 miles per hour, so the time it takes Tommy to travel from Chicago to New York is 800 miles divided by 50 miles per hour, which is 16 hours.

Indeed, consider the following example:  Billy, an individual at his apartment building at Rodney Square in Wilmington, calls a taxi company to request a ride to the Philadelphia airport. The actions that naturally follow mirror the steps claimed in claim 23 of the '377 patent.

| U.S. Patent No. 5,987,377 | Human Activity |
|---|---|
| 23. A method for determining an expected time of arrival of a vehicle, comprising: | |
| generating destination information at a dispatch, the destination information specifying a plurality of way points; | Billy at Rodney Square calls a taxi company to request a ride to the Philadelphia airport.  Thus, the taxi dispatcher needs to direct a taxi to go to two locations:  first, Rodney Square, to pick up Billy, and second, the Philadelphia airport, Billy's desired destination. |
| transmitting the destination information to the vehicle; | Taxi dispatcher contacts a taxi driven by Jack and directs Jack to go to Rodney Square to pick up Billy and then drive Billy to the Philadelphia airport. |
| determining at the vehicle the vehicle position; | Jack determines his current location, *e.g.*, at the corner of N. King Street and E. 8th Street, in front of the U.S. Courthouse. |
| determining at the vehicle in response to the vehicle position the expected time of arrival of the vehicle at a way point identified by the destination information and wherein the step of transmitting the destination information to the vehicle is performed using a cellular telephone network. | Based on his knowledge of his current location and his knowledge of the location of the next way point (Rodney Square), Jack mentally calculates that it will take him about 5 minutes to arrive at Rodney Square.  (He can also determine that it would take him about 25 minutes to drive from Rodney Square to Philadelphia airport.) |

Similar scenarios exist in myriad contexts:  a courier is dispatched to pick up a package at one law firm and deliver it to the court by a certain filing deadline; an ambulance is dispatched to an accident site to transport a patient to a nearby hospital as quickly as possible.  The driver of the vehicle in each of these scenarios can estimate the expected time of arrival because he knows where he currently is and he knows where he is going.

"[M]ethods which can be performed mentally, or which are the equivalent of human mental work, are unpatentable abstract ideas." *Cybersource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1371 (Fed. Cir. 2011). As the expected time of arrival can be, and in fact often is, performed mentally, the claims of the '377 patent undoubtedly are directed to patent-ineligible subject matter.[2]

Other courts dealing with location-based patents have also found those patents to be directed to an abstract idea. *Wireless Media Innovations, LLC v. Maher Terminals, LLC*, No. 14-cv-7004, 2015 WL 1810378 (D.N.J. Apr. 20, 2015) involved patent claims directed to "monitoring locations, movement and load status of shipping containers . . . and storing, reporting and communicating this information in various forms through generic computer functions." *Id.* at *8. The district court held that these claims were directed to an abstract idea. *Id.* In *MacroPoint, LLC v. FourKites, Inc.*, No. 1:15-cv-1002, 2015 WL 6870118 (D. Ohio Nov. 6, 2015), the patent-in-suit was directed to the process of "tracking freight, including monitoring, locating, and communicating regarding the location of the freight," which the district court found to be an abstract idea. *Id.* at *3.

In the present case, the '377 patent is directed to estimating the expected time of arrival, which is nothing more than tracking the location of the vehicle relative to a desired location, which the *Wireless Media* and *MacroPoint* courts both found to be merely an abstract idea.

Independent claims 1 and 12 are the system and apparatus analogues to claim 23 and therefore also encompass an abstract idea. *See Alice*, 134 S. Ct. at 2360 (where method claims

---

[2] To the extent that the determination of an expected time of arrival is simply the recitation of a mathematical formula, that also constitutes patent-ineligible subject matter. *See Diamond v. Diehr*, 101 S. Ct. 1048, 1055 (1981) ("[a] mathematical formula as such is not accorded the protection of our patent laws, and this principle cannot be circumvented by attempting to limit the use of the formula to a particular technological environment.") (citations omitted).

recite an abstract idea, so did system claims as "the system claims are no different from the method claims in substance"); *see also Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1341 (Fed. Cir. 2013) (method and system/apparatus claims "should rise or fall together" under Section 101 where such claims "contain only 'minor differences in terminology but require performance of the same basic process'") (citations omitted).  The asserted claims, which depend from either claims 1, 12, or 23, only add further restrictions to their base claim and therefore also encompass an abstract idea.  The asserted claims of the '377 patent therefore fail to satisfy the first prong of the *Alice* patent-eligibility inquiry.

### B.      The Claims Do Not Contain an Inventive Concept

Once a claim is found to encompass an abstract idea, the next step of the patent eligibility analysis requires examination of the elements of the claim "to determine whether it contains an 'inventive concept,' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Alice*, 134 S. Ct. at 2357.  An inventive concept is "an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself.'" *Id.* at 2355 (quoting *Mayo*, 132 S. Ct. at 1289).

The independent claims from which the asserted claims depend – claims 1, 12, and 23 – fall far short of containing an inventive concept.  Claims 1, 12, and 23 all require that the destination information, which includes a plurality of way points, be generated at a "dispatch." [3] Claim 1 further requires the use of a "mobile unit" to receive the destination information, determine vehicle position, and determine the expected time of arrival.  Claim 12 requires a "positioning device" to determine the vehicle position, and a "processor" coupled to a

---

[3] This Court previously construed dispatch as "a computer-based communication and processing system remotely located from the vehicle that manages and monitors vehicles." (D.I. 168).

"communication device" to receive the destination information and determine the expected time of arrival.

"[T]he mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Alice*, 134 S. Ct. at 2358. A claimed computer may make the application of an idea faster or more efficient, but that does not make the claims patent-eligible. *Bancorp Services, LLC v. Sun Life Assur. Co.*, 687 F.3d 1266, 1278 (Fed. Cir. 2012) ("[T]he fact that the required calculations could be performed more efficiently via a computer does not materially alter the patent eligibility of the claimed subject matter."); *see also Mayo*, 132 S. Ct. at 1301 ("[S]imply implementing a mathematical principle on a physical machine, namely a computer, was not a patentable application of that principle."). Thus, the inclusion of a "dispatch," a "mobile unit," a "positioning device," a "processor," or a "communication device" in the claim language is wholly insufficient to elevate the abstract idea of estimating the expected time of arrival into a patent-eligible invention.

Claims 1, 12, and 23 also require that the destination information be transmitted via a cellular telephone network. However, "limiting the use of an abstract idea 'to a particular technological environment'" does not constitute an inventive concept. *Alice*, 134 S. Ct. at 2350 (quoting *Bilski*, 130 S. Ct. at 3218). Thus, requiring that the destination information be communicated via a standard cellular telephone network does nothing to transform the abstract idea into a patent-eligible invention.

The asserted claims, which all depend from either claims 1, 12, or 23, also lack any inventive concept.

Claims 4, 15, and 27 require that the destination information also include an expected travel speed, and that the expected time of arrival is determined in response to that expected

travel speed.  This further restriction does nothing to transform the abstract idea into a patent-eligible invention.  In fact, it makes the determination of the expected time of arrival more mathematical – and therefore less inventive – by supplying a fixed number for the "Rate" variable in the Distance = Rate * Time mathematical formula.  Moreover, the driver of the vehicle has the ability to ascertain an expected travel speed, as he can look at speed limit signs to guide him on the likely travel speed, and he can use that knowledge to inform his determination of the expected time of arrival.

Claims 5, 16, and 28 require that the destination information also include traffic or weather information, and that the expected time of arrival is determined in response to that traffic or weather information.  However, the driver of the vehicle is able to ascertain traffic or weather information simply by looking out the windshield of his vehicle, and he can adjust his determination of the expected time of arrival accordingly.  The inclusion of traffic or weather information does not transform these claims into patent-eligible inventions.

Claims 6, 17, and 25 require that the determination of the vehicle position is performed using a GPS receiver.  The driver of the vehicle can determine his own location, simply by using a map or by observing street signs.  As the Supreme Court has stated on multiple occasions, restricting the use of an abstract idea to a particular technological environment does not constitute an inventive concept.  *Alice*, 134 S. Ct. at 2350 (quoting *Bilski*, 130 S. Ct. at 3218).  Accordingly, claims that require that the driver use a GPS receiver instead to determine his own location fail to satisfy the "inventive concept" test.

Claims 8, 19, and 30 require selecting the next way point if the vehicle reaches a way point and communicating information regarding the next way point audibly.  First, the selection of the next way point when the vehicle reaches a way point is basic human activity.  In the earlier

example involving Jack the taxi driver, Jack was already instructed by the taxi dispatcher that he is to first drive to Rodney Square to pick up Billy the passenger, and then he is then supposed to drive Billy to Philadelphia airport, the next way point. As for audibly communicating information regarding the next way point, again, this function is so basic that it seemingly does not even require a machine. Billy can simply say to Jack, the driver, "Take me to Philadelphia airport." Even assuming that this function – audible communication of information – requires performance by a computer, this function is "purely conventional." *Alice*, 134 S. Ct. at 2359. It is insufficient for the claims to "merely recite 'well-understood, routine, conventional activities,' either by requiring conventional computer activities or routine data-gathering steps." *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1363 (Fed. Cir. 2015) (quoting *Alice*, 134 S. Ct. at 2359). Thus, these claims also fail to satisfy the "inventive concept" test.

Finally, claims 9, 21, and 32 require that the way points be displayed on a map. As with audibly communicating information, displaying information on a screen is a conventional computer activity that is insufficient to transform the abstract idea of estimating the expected time of arrival into a patent-eligible invention. *See Alice*, 134 S. Ct. at 2359; *OIP Techs.*, 788 F.3d at 1363. For example, in *Encyclopaedia Britannica, Inc. v. Dickstein Shapiro LLP*, No. CV 10-454 (RCL), 2015 WL 5093798 (D.D.C. Aug. 27, 2015), the district court found that "displaying 'place indicators' on the map indicating the location of a place" was itself an abstract idea. *Encyclopaedia Britannica*, 2015 WL 5093798, at *7. The district court further noted that a "displaying place indicators on the map . . ." limitation is "essentially [a] variation[] of activities humans have performed for thousands of years using paper maps and other reference works." *Id.* Other courts have repeatedly held that mere graphical display of information is insufficient to transform an abstract idea into a patent-eligible invention. *See, e.g., Tuxis Techs., LLC v.*

*Amazon.com, Inc.*, No. 13-cv-1771-RGA, 2015 WL 1387815, at *4 (D. Del. Mar. 25, 2015) (displaying an image is a basic computer function that adds nothing of practical significant to an abstract idea); *Personalized Media Commc'ns v. Amazon.com, Inc.*, No. 13-cv-1608-RGA, 2015 WL 4730906, at *1 (D. Del. Aug. 10, 2015) (extracting information from electronic media content to generate output for display that is personalized for a user lacks inventive concept); *Ultramercial*, 772 F.3d at 715 (11-step method including "facilitating display of the ad" recites an abstract idea).

Accordingly, none of the elements of the asserted claims of the '377 patent "'transform the nature of the claim' into a patent-eligible application." *Alice*, 134 S. Ct. at 2355 (quoting *Mayo*, 132 S. Ct. at 1289).

## VI.   CONCLUSION

For the foregoing reasons, Defendants TeleCommunication Systems, Inc., Networks in Motion, Inc., and Cellco Partnership respectfully request that this Court enter judgment on the pleadings that the claims of the '377 patent are invalid as being drawn to unpatentable subject matter.

Ashby & Geddes

*Of Counsel:*

*/s/ Tiffany Geyer Lydon*
_____

Edward A. Pennington
Siddhesh V. Pandit
John P. Moy
Sean T. C. Phelan
John P. Pennington
Smith, Gambrell & Russell, LLP
1055 Thomas Jefferson St. NW, Suite 400
Washington, D.C. 20007
(202) 263-4300
epennington@sgrlaw.com
spandit@sgrlaw.com
jmoy@sgrlaw.com
sphelan@sgrlaw.com
jpennington@sgrlaw.com

John G. Day (#2403)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendants*
*TeleCommunication Systems, Inc.,*
*Networks In Motion, Inc., and*
*Cellco Partnership*

Dated: December 21, 2015