IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VEHICLE IP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 09-1007-LPS |
| | ) | |
| AT&T MOBILITY LLC, CELLCO | ) | |
| PARTNERSHIP, NETWORKS IN | ) | |
| MOTION, INC., TELECOMMUNICATION | ) | |
| SYSTEMS INC., TELENAV INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS AT&T MOBILITY LLC AND TELENAV, INC.'S OPENING BRIEF IN
SUPPORT OF THEIR MOTION TO SEVER AND FOR SEPARATE TRIALS**

OF COUNSEL:
David R. Clonts
Manoj S. Gandhi
Michael F. Reeder, II
Iftikhar Ahmed
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, TX 77002
(713) 220-5800

Steven M. Zager
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
(212) 872-1000

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
David M. Fry (No. 5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
*Attorneys* for *Defendants AT&T Mobility LLC
and TeleNav, Inc.*

Dated:  June 13, 2016

# TABLE OF CONTENTS

**Page**

I.     SUMMARY OF THE ARGUMENT ..................................................................1

II.    NATURE AND STAGE OF THE PROCEEDINGS ..........................................1

III.   STATEMENT OF FACTS ..............................................................................2

IV.   THE CLAIMS AGAINST TELENAV/AT&T SHOULD BE SEVERED FROM
THIS ACTION...............................................................................................3

      A.     Section 299 of the America Invents Act Requires Severance of Claims
Against Unrelated Defendants with Different Products ...........................3

      B.     After Congress Adopted Section 299, the Federal Circuit Applied the AIA
Standard for Joinder and Severance to Pre-AIA Cases.............................4

      C.     Because VIP Has Accused Different Products from the Two Defendant
Groups, the Case Should Be Severed into Two Separate Trials ..............6

V.    CONCLUSION...............................................................................................7

# TABLE OF AUTHORITIES

Page(s)

CASES

*In re EMC Corp.,*
    677 F.3d 1351 (Fed. Cir. 2012)..................................................................................4, 5, 6, 7

*IpVenture, Inc. v. Acer, Inc.,*
    879 F. Supp. 2d 426 (D. Del. 2012).........................................................................................6

*MyMail, Ltd. v. America Online, Inc.,*
    223 F.R.D. 455 (E.D. Tex. 2004)........................................................................................3, 4

*Paine, Webber, Jackson, & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
    564 F. Supp. 1358 (D. Del. 1983)...........................................................................................4

*Philips Elecs. N.A. Corp. v. Contec Corp.,*
    220 F.R.D. 415 (D. Del. 2004) .............................................................................................4, 7

*Rudd v. Lux Prods. Corp.,*
    No. 09-cv-6957, 2011 WL 148052 (N.D. Ill. Jan. 12, 2011)................................................3, 4

STATUTES

35 U.S.C. § 299...............................................................................................................................1, 3

35 U.S.C. § 299(a)(1)..........................................................................................................................3

35 U.S.C. § 299(b)...............................................................................................................................3

OTHER AUTHORITIES

Fed. R. Civ. P. 20(a)(2)................................................................................................................. passim

Fed. R. Civ. P. 21 ................................................................................................................................7

Defendants AT&T Mobility LLC ("AT&T") and Telenav Inc. ("Telenav") (collectively "Telenav/AT&T") submit this brief in support of their motion to sever Vehicle IP's claims against them for improper joinder with the claims against codefendants TeleCommunication Systems, Inc. ("TCS"), Networks in Motion, Inc. ("NIM"), and Cellco Partnership (dba Verizon Wireless) ("Verizon) (collectively "TCS/Verizon").

## I.      SUMMARY OF THE ARGUMENT

1.      Unrelated defendants accused of patent infringement based on different products cannot be joined in a single action or in a single trial, according to the joinder provisions of the America Invents Act (35 U.S.C. § 299) and under the Federal Rules of Civil Procedure (Fed. R. Civ. P. 20(a)(2)).  In this case, VIP has sued two different defendant groups that use two different products. VIP accuses Telenav/AT&T of infringing based solely on Telenav's products, and VIP accuses TCS/Verizon of infringing based solely on TCS's products.  Section 299 and Fed. R. Civ. P. 20(a)(2) require that the case involving the Telenav products be severed from the case involving TCS's products.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

At the end of 2009, VIP brought this patent infringement suit against Telenav/AT&T and several other defendants, of whom TCS, NIM, and Verizon remain.  (D.I. 1.)  The Court held a *Markman* hearing in October 2011 and issued its claim construction Order on December 12, 2011.  (D.I. 163; D.I. 167; D.I. 168.)  The schedule was vacated shortly thereafter to focus on early dispositive motions based on the Court's claim constructions.  The defendants moved for summary judgment in February 2012, which the Court granted on April 10, 2013. (D.I. 241.)

On appeal, the Federal Circuit reversed and remanded with new claim constructions. (D.I. 251.)  The Court then entered a new Patent Scheduling Order in February 2015 (D.I. 258), with discovery and pre-trial proceedings to be jointly conducted between the parties.  On March 17,

2016, the parties exchanged opening expert reports. VIP served two separate infringement reports: one for Telenav/AT&T and one for TCS/Verizon. Similarly, VIP served corrected and separately-redacted damages reports on the two defendant groups the following day. Telenav/AT&T and TCS/Verizon served separate non-infringement and rebuttal damages reports on April 28, 2016. Trial is not set until February 13, 2017.

## III.   STATEMENT OF FACTS

Telenav develops, designs, and sells mobile navigation products (i.e., cell phone "apps"), including Telenav GPS Navigator, Telenav Track Premium, and Scout, which are all accused in this case. Telenav also provides "white label" versions of the Telenav GPS Navigator product, meaning that the product is branded under a different name, such as the AT&T Navigator product, which is then resold by AT&T. VIP has accused Telenav and AT&T of infringement solely based on Telenav's own products.

The other defendant group, TCS/Verizon, is accused of infringement solely for products designed and developed by TCS and its predecessor, NIM. It is undisputed that there is no overlap in the accused products between Telenav/AT&T and TCS/Verizon. (*See*, *e.g.*, D.I. 1 at ¶¶ 21-32; D.I. 241 at 7, 11 (the Court describing the different accused products for the two defendant groups).)

Telenav/AT&T and TCS/Verizon are competitors, and any similarities between the accused Telenav and TCS products, including similar functionality, is incidental because they are cell phone navigation apps. Such similarities are not the result of any joint efforts by the parties.

## IV.   THE CLAIMS AGAINST TELENAV/AT&T SHOULD BE SEVERED FROM THIS ACTION

### A.   Section 299 of the America Invents Act Requires Severance of Claims Against Unrelated Defendants with Different Products

Under 35 U.S.C. § 299 post-AIA accused infringers cannot be joined in a single action unless the same product and process are accused against all parties:

> Parties that are accused infringers *may be joined in one action* as defendants or counterclaim defendants, *or have their actions consolidated for trial*, only if—1) any right to relief is asserted against the parties . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of *the same accused product or process*. . . .

35 U.S.C. § 299(a)(1) (emphasis added).  That a plaintiff accuses the defendants of infringing the same patent is not enough:  "accused infringers may not be joined in one action [or trial] as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit."  35 U.S.C. § 299(b).

As its legislative history makes clear, the AIA was intended to abrogate certain decisions interpreting Rule 20(a)(2) as permitting joinder of unrelated defendants selling different accused products just because they were alleged to infringe the same patents.  H.R. Rep. No. 112-98, pt. 1, at 55 n.61 (2011).  More specifically, the legislative history states that Section 299 "legislatively abrogates the construction of Rule 20(a) adopted in *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004)" and approves of the jurisprudence followed by the overwhelming majority of jurisdictions as in *Rudd v. Lux Prods. Corp.*, No. 09-cv-6957, 2011 WL 148052 (N.D. Ill. Jan. 12, 2011).  *Id.* at 55 n.61.

In *MyMail*, the Eastern District of Texas found that joinder of unrelated defendants selling different products was appropriate under Rule 20(a)(2) because (1) the defendants, though unrelated, were alleged to infringe the same patents; (2) the defendants used certain shared

resources in their respective acts of infringement; and (3) there had been no showing that the accused products were dramatically dissimilar. *MyMail, Ltd.*, 223 F.R.D. at 456-57. In so holding, the *MyMail* court distinguished two leading Delaware decisions: *Philips Elecs. N.A. Corp. v. Contec Corp.*, 220 F.R.D. 415, 418 (D. Del. 2004), and *Paine, Webber, Jackson, & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1370 (D. Del. 1983).

Those Delaware decisions held, in contrast to *MyMail*, that joinder of unrelated defendants accused of patent infringement based on different acts was improper under Rule 20(a)(2). *See Philips*, 220 F.R.D. at 417-18; *Paine, Webber*, 564 F. Supp. at 1371. In legislatively abrogating *MyMail's* construction of Rule 20, Congress adopted the interpretation of that Rule 20 set forth in *Rudd* and the Delaware *Philips* and *Paine, Webber* cases—that Rule 20(a)'s transactional relatedness requirement is not satisfied where unrelated defendants are accused of infringing the same patents based on different acts. *See Rudd*, 2011 WL 148052, at *3. Thus, by adopting *Rudd* and rejecting *MyMail*, Congress codified in Section 299 the Rule 20(a)(2) jurisprudence found in *Rudd* and in Delaware's *Philips* and *Paine, Webber* cases, all of which compel severance of patent infringement claims of unrelated defendants with different accused products.

**B.      After Congress Adopted Section 299, the Federal Circuit Applied the AIA Standard for Joinder and Severance to Pre-AIA Cases**

Although Section 299 does not on its face apply to pre-AIA cases,[1] the Federal Circuit has made clear since the AIA was implemented that Federal Rule of Civil Procedure 20 imposes essentially the same standard for joinder and severance in patent cases. Under Rule 20(a)(2)

---

[1] *See In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012).

unrelated defendants can only be joined for claims arising out of the same transaction or occurrence:

> Persons . . . may be joined in one action as defendants if:
>
> (a)    any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrence or series of transactions or occurrences. . .[2]

Fed. R. Civ. P. 20(a)(2).  In *In re EMC Corp.* the Federal Circuit effectively applied the AIA's Section 299 joinder standard to *pre-AIA* cases decided under Rule 20.  *In re EMC Corp.*, 677 F.3d at 1357-59.  In discussing the proper standard to address severance motions in pre-AIA cases, the Federal Circuit held that unrelated defendants cannot be joined where different products or processes are involved even if the products are "coincidentally identical":

> We agree that **joinder is not appropriate where different products or processes are involved**. . . . [T]he **sameness of the accused products or processes is not sufficient**. . . .  To be part of the "same transaction" requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts. The sameness of the accused products is not enough to establish that claims of infringement arise from the "same transaction."  Unless there is an actual link between the facts underlying each claim of infringement, **independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical**.

*Id* at 1359.  Thus Rule 20 has the same effect as Section 299:  a plaintiff cannot join unrelated defendants offering different products, even if they are "coincidentally identical."

Before the America Invents Act ("AIA"), district courts were split on whether unrelated defendants selling different products could be joined in a single patent infringement case.  Some courts—including Delaware courts—held that under Rule 20's "transaction or occurrence" test, two defendants could not be joined in the same patent infringement case if they sold different

---

[2] Rule 20(a)(2) includes a second part to the test which must be satisfied for defendants to be properly joined (regarding questions of law or fact common to all defendants).  But because the first part of the test is not met here, the Court need not address the second part.

products.  Other courts—such as the Eastern District of Texas—would allow multiple defendants who sold different products to be joined as long as those products were sufficiently similar.

In the AIA, Congress adopted the approach followed by Delaware courts and rejected the Eastern District of Texas approach.  Under new Section 299, plaintiffs can no longer join unrelated defendants selling different products in a single lawsuit simply because those defendants are accused of infringing the same patent.

So the AIA resolved the district court split as to whether unrelated defendants selling different products may be joined and tried in the same case.  For *post*-AIA cases, Congress said no in Section 299.  For pre-AIA cases, the Federal Circuit said no, concluding that Rule 20 prevents unrelated defendants with different products from being joined and tried together.  *See IpVenture, Inc. v. Acer, Inc.,* 879 F. Supp. 2d 426, 430 (D. Del. 2012) (severing competitor defendants in a case filed *pre*-AIA and applying *In re EMC Corp.*).

**C.     Because VIP Has Accused Different Products from the Two Defendant Groups, the Case Should Be Severed into Two Separate Trials**

Whether under the AIA or Rule 20, Telenav/AT&T must be severed from the TCS/Verizon defendants and given a separate trial because these two defendant groups are unrelated, and VIP accuses them of infringement based on different and unrelated accused products.  *See supra*, Section III.  Telenav/AT&T and TCS/Verizon have not collaborated on any of the accused products, nor do they have any contractual relationship relating to the accused products.  The only similarity that Telenav/AT&T and TCS/Verizon share is that they both make and sell navigation apps that VIP has accused of infringing U.S. Patent No. 5,987,377.  But that is not enough.  Coincidentally overlapping issues between Telenav/AT&T and TCS/Verizon are not cause to deny severance.  *See In re EMC Corp.*, 677 F.3d at 1359.  Telenav/AT&T cannot be joined with TCS/Verizon in this action under Rule 20(a)(2) or Section 299.

6

Given the improper joinder, the case should be severed and tried separately.  The case is not set for trial until February 2017, seven months from the date of this brief.  Rule 21 provides "[o]n motion or on its own, the court may at ***any time***, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. 21(emphasis added).  Severance is appropriate where joinder is improper, i.e., where a plaintiff fails to satisfy the requirements Rule 20(a)(2) imposes for joining multiple defendants in a single action.  *See Philips Elecs. N.A. Corp. v. Contec Corp.,* 220 F.R.D. 415, 417-18 (D. Del. 2004) (severing improperly joined patent infringement claims under Rule 21 and granting separate trials where the defendant moved for severance after the close of fact discovery and only two months before trial).  Thus, the case against Telenav/AT&T should be severed and given a separate trial.

## V.    CONCLUSION & RELIEF REQUESTED

Under Delaware law, the AIA, and *In re EMC Corp*., different defendants offering different products cannot be joined in a single lawsuit.  Telenav/AT&T should thus be severed and tried separately from the remaining defendants.

In order to efficiently use the Court's and the parties' time and resources, in the attached proposed order, Telenav/AT&T propose that at the September 7, 2016 hearing on case dispositive and Daubert motions, the Court will determine which action will proceed to trial presently scheduled to begin February 13, 2017, and schedule a subsequent trial date for the remaining action.  Telenav/AT&T also propose that the Telenav/AT&T action remains consolidated with the TCS/Verizon action through the currently scheduled pretrial conference, should the Court so desire.

Respectfully submitted,

*/s/ Andrew E. Russell*

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
David M. Fry (No. 5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
*Attorneys* for *Defendants AT&T Mobility LLC
and TeleNav, Inc.*

OF COUNSEL:
David R. Clonts
Manoj S. Gandhi
Michael F. Reeder, II
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, TX 77002
(713) 220-5800

Steven M. Zager
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
(212) 872-1000

Dated:  June 13, 2016