IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VEHICLE IP, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>AT&T MOBILITY LLC, CELLCO PARTNERSHIP, NETWORKS IN MOTION, INC., TELECOMMUNICATION SYSTEMS, INC. and TELENAV INC.,<br><br>        Defendants. | C.A. No. 09-1007 LPS-CJB<br><br>▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆<br>▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆<br><br>REDACTED VERSION |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR
PARTIAL SUMMARY JUDGEMENT OF NO INVALIDITY
<u>UNDER 35 U.S.C. §§ 102 AND 112</u>**

Dated:  June 23, 2016

**FISH & RICHARDSON P.C.**
Martina Tyreus Hufnal (#4771)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899-1114
Tel:  (302) 778-8407
Hufnal@fr.com

Michael J. Kane
William R. Woodford
Jason M. Zucchi
Phillip Goter
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Tel:  (612) 335-5070
Kane@fr.com; Woodford@fr.com;
Zucchi@fr.com; Goter@fr.com

Juanita Brooks
Geoff D. Biegler
12390 El Camino Real
San Diego, CA  92130
Tel:  (858) 678-4357
Brooks@fr.com; Biegler@fr.com

*Attorneys for Plaintiff
VEHICLE IP, LLC*

**TABLE OF CONTENTS**

Page

I. NATURE AND STAGE OF THE PROCEEDINGS ...................................................... 1

II. SUMMARY OF THE ARGUMENT ............................................................................ 1

III. CONCISE STATEMENT OF FACTS .......................................................................... 2

    A. The Asserted Claims Require Communication of Destination Information Using a Cellular Telephone Network. ........................................................... 2

    B. TravTek Fails to Disclose Communicating Destination Using a Cellular Telephone Network. ........................................................................................ 2

    C. The Experts Agree that TravTek Fails to Disclose Communication of Destination Information Using a Cellular Telephone Network. ................... 3

    D. Defendants Failed to Offer Any Expert Testimony in Support of Their 35 U.S.C. § 112 Contentions. ........................................................................... 4

IV. ARGUMENT .................................................................................................................. 4

    A. Summary Judgment of No Anticipation is Appropriate. ............................... 4

    B. Summary Judgment of No Invalidity Under Section 112 is Appropriate. ... 5

        1. Defendants Cannot Meet Their Burden of Proving Lack of Enablement by Clear and Convincing Evidence. .............................. 5

        2. Defendants Cannot Meet Their Burden of Proving Lack of Written Description by Clear and Convincing Evidence. ............................ 6

        3. Defendants Cannot Meet Their Burden of Proving Indefiniteness by Clear and Convincing Evidence. ................................................... 7

V. CONCLUSION ............................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Motorola, Inc.*,
   757 F.3d 1286 (Fed. Cir. 2014) ................................................................................................7

*Ariad Pharm., Inc. v. Eli Lilly & Co.*,
   598 F.3d 1336 (Fed. Cir. 2010) ................................................................................................6

*Centricut, LLC v. Esab Group, Inc.*,
   390 F.3d 1361 (Fed. Cir. 2004) ............................................................................................5, 7

*Elcommerce.com, Inc. v. SAP AG*,
   745 F.3d 490 (Fed. Cir. 2014), (vacated on other grounds by 564 F. App'x 599
   (Fed. Cir. 2014)) ...................................................................................................................7, 8

*Intermec Techs. Corp. v. Palm Inc.*,
   811 F. Supp. 2d 973 (D. Del. 2011) .........................................................................................4

*Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*,
   648 F. Supp. 2d 1294 (M.D. Fla. 2009) ...................................................................................6

*Ladatech, LLC v. Illumina, Inc.*,
   No. 09-00627, 2012 WL 206174 (D. Del. Jan. 24, 2012) ........................................................4

*Omniglow Corp. v. Unique Indus., Inc.*,
   184 F. Supp. 2d 105 (D. Mass. 2002) ......................................................................................6

*Tessenderlo Kerley, Inc. v. Or-Cal, Inc.*,
   No. 11-04100, 2012 WL 2054994 (N.D. Cal. June 5, 2012) ...................................................5

*Univ. of Rochester v. G.D. Searle & Co.*,
   358 F.3d 916 (Fed. Cir. 2004) ..................................................................................................6

**Statutes**

35 U.S.C. § 102 ................................................................................................................................1

35 U.S.C. §§ 102 and 112 ............................................................................................................2, 8

35 U.S.C. § 112 ........................................................................................................................1, 4, 5

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff filed this patent infringement lawsuit on December 31, 2009.[1] Fact discovery closed on January 28, 2016.[2] A summary judgment hearing is set for September 7, 2016, and this case is set for trial on February 13, 2017.[3]

II. **SUMMARY OF THE ARGUMENT**

The asserted claims of the '377 patent are not invalid under 35 U.S.C. § 102. Defendant's anticipation contentions turn entirely on a single alleged prior art system called TravTek. Defendants' invalidity expert report contends that TravTek discloses every element of the asserted claims. But Defendants' expert ultimately conceded at his deposition that one element that appears in every asserted claim is missing. As a result, Plaintiff respectfully requests that the Court grant summary judgment of no anticipation of the asserted claims.

Similarly, Defendants cannot meet their burden of proving invalidity of any asserted claim under 35 U.S.C. § 112. Defendants contend that the asserted claims are invalid for failure to satisfy the enablement, written description, and definiteness requirements. The Federal Circuit has held that such defenses are viewed from the perspective of a skilled artisan. But Defendants failed to proffer any expert testimony to support their contentions. And the questions in this case concerning enablement, written description, and definiteness are not ones that the fact finder can determine without the assistance of expert testimony. These flaws warrant entry of summary judgment that the asserted claims are not invalid under Section 112.

---

[1] D.I. 1.
[2] D.I. 276.
[3] D.I. 258.

III. **CONCISE STATEMENT OF FACTS**

    A. **The Asserted Claims Require Communication of Destination Information Using a Cellular Telephone Network.**

Every asserted claim requires destination information specifying a plurality of way points be communicated to the claimed mobile unit or apparatus using a cellular telephone network:[4]

- Claims 4-6 and 8-9 require a "communications link operable to receive the destination information [specifying a plurality of way points] for the vehicle from the dispatch . . . wherein the communications link comprises a cellular telephone network."

- Claims 15-17, 19, and 21 require "a communications device operable to receive destination information from a dispatch, the destination information specifying a plurality of way points . . . wherein the communications device comprises a cellular telephone."

- Claims 25, 27-28, 30, and 32 require "transmitting the destination information [specifying a plurality of way points] to the vehicle . . . wherein the step of transmitting the destination information to the vehicle is performed using a cellular telephone network."

    B. **TravTek Fails to Disclose Communicating Destination Using a Cellular Telephone Network.**

Shortly before the deadline for expert reports, Defendants reduced the number of asserted prior art references to 15, identifying four patents, three publications, and eight alleged systems (which included "TravTek").[5] Defendants then served their final invalidity contentions, including charts for each reference.[6] The chart for TravTek identified seventy-four (74) individual documents that allegedly describe the workings of the TravTek system.[7] But not one of those seventy-four references disclose the communication of vehicle information (or any other data for that matter) using a cellular telephone network. TravTek's cellular telephone was used

---

[4] Ex. 1 at 15:1-13, 15:50-63, 16:34-42. Unless otherwise noted, all cites to exhibits are to the exhibits attached to the Declaration of Jason M. Zucchi in Support of Plaintiffs' Motion for Partial Summary Judgement of No Invalidity Under 35 U.S.C. §§ 102 and 112, filed herewith.
[5] D.I 276; Ex. 2.
[6] Ex. 3.
[7] Ex. 4 at Appendix 1; Zucchi Decl. ¶ 6.

2

for voice calls only.

      **C.    The Experts Agree that TravTek Fails to Disclose Communication of Destination Information Using a Cellular Telephone Network.**

Dr. William Michalson, Defendants' technical expert on validity issues, served a report that identified a single allegedly anticipatory reference—TravTek.[8] He later testified that TravTek is the only alleged anticipatory reference of the fifteen identified by Defendants.[9]

Plaintiff's technical expert on validity issues, Dr. Steven Goldberg, served a rebuttal report that challenged many of the opinions of Dr. Michalson, including his opinion that TravTek anticipated the asserted claims. Dr. Goldberg opined that, among other things, TravTek could not anticipate any of the asserted claims because "TravTek does not disclose or suggest transmitting destination information of any kind from a dispatch, much less disclose using a cellular telephone network to do so. Instead, TravTek describes using an RF communication link for data communications and a cellular phone link for voice calls."[10] Dr. Goldberg reiterates his opinions in a declaration filed herewith.[11]

  Dr. Michalson's reply report did not respond to Dr. Goldberg's opinion that TravTek fails to anticipate the asserted claims.[12] Dr. Michalson conceded at deposition that TravTek fails to disclose this limitation and stated that's why he used an "obviousness combination":[13]

> Q. (MR. ZUCCHI) Okay. Does the TravTek system disclose a cellular communications link?
>
> A. (DR. MICHALSON) TravTek used a specialized mobile radio and a data turbo modem. I believe it was seven or 800-megahertz operating frequency of the system, and the modem was a 400 -- 4800 baud modem. So, it -- it used that for its communications with the traffic management center. It had a cellular telephone on

---

[8] Ex. 7 at ¶ 277, *see also* ¶¶ 278-336.
[9] Ex. 8 at 144:20-146:14.
[10] Ex. 9 at ¶¶ 244, 238; *see also* Ex. 9 at ¶¶ 131-38, 237-256.
[11] Ex. 6 at ¶¶ 195, 209, 215, *see generally* ¶¶ 191-98, 208-27.
[12] Ex. 10.
[13] Ex. 8 at 188:17-189:13.

board, but the traffic and other information that was conveyed between the vehicle and the TMC was conveyed on that SMR radio.

Q. (MR. ZUCCHI) So, then the -- so, the cellular telephone on board the TravTek -- well, strike that. So, TravTek's in-vehicle system included a cell phone that was only used for voice calls; is that right?

A. (DR. MICHALSON) That was used for voice calls, yes.

Q. (MR. ZUCCHI) Was it used for anything other than voice calls?

A. (DR. MICHALSON) I think that was purely voice communications in TravTek, which is why I use a obviousness combination.

### D. Defendants Failed to Offer Any Expert Testimony in Support of Their 35 U.S.C. § 112 Contentions.

During fact discovery, Defendants identified several invalidity contentions relating to written description, enablement, and indefiniteness. Defendants' experts, however, failed to provide any expert testimony that addresses these contentions.[14]

## IV. ARGUMENT

### A. Summary Judgment of No Anticipation is Appropriate.

Defendants cannot show that TravTek anticipates any asserted claim of the '377 patent as a matter of law. All of the asserted claims require that destination information specifying a plurality of way points be communicated to the claimed mobile unit or apparatus using a cellular telephone network. Both Dr. Goldberg and Dr. Michalson agree that TravTek fails to disclose this limitation. This fundamental flaw in Defendants' only anticipation argument warrants entry of summary judgment of no anticipation of the '377 patent. *See, e.g., See Intermec Techs. Corp. v. Palm Inc.*, 811 F. Supp. 2d 973, 1000-03 (D. Del. 2011) (granting SJ of no anticipation when prior art did not disclose each claim element); *Ladatech, LLC v. Illumina, Inc.*, No. 09-00627, 2012 WL 206174, at *18-20 (D. Del. Jan. 24, 2012) (granting summary judgment of no anticipation by each of two references that lacked certain claimed elements).

---

[14] Ex. 3 at 24-31.

4

**B.      Summary Judgment of No Invalidity Under Section 112 is Appropriate.**

Defendants failed to present any evidence from the perspective of one skilled in the art in support of their enablement, written description, and indefiniteness contentions.  The Federal Circuit has stated that "expert testimony regarding matters beyond the comprehension of laypersons is sometimes essential…and will [typically] be necessary in cases involving complex technology."" *Centricut, LLC v. Esab Group, Inc.*, 390 F.3d 1361, 1369-70 (Fed. Cir. 2004).

### 1.      Defendants Cannot Meet Their Burden of Proving Lack of Enablement by Clear and Convincing Evidence.

"Enablement, which requires that a person skilled in the art be able to make the claimed invention without undue experimentation, nearly always requires expert analysis because it requires an assessment from the perspective of a person of ordinary skill in the art." *Tessenderlo Kerley, Inc. v. Or-Cal, Inc.*, No. 11-04100, 2012 WL 2054994, at *4 (N.D. Cal. June 5, 2012).

It goes without saying that the vehicle navigation and management systems disclosed in the '377 patent are beyond the grasp of an ordinary layperson.  Dr. Michalson, for example, opined that a person of ordinary skill in the art in this case would have a "bachelor's degree in computer science, computer engineering, electrical engineering or a related field, including coursework on electronics or computer hardware, and one or both of the following: (1) two years of experience relating to the general area of navigation and global positioning systems; or (2) an advanced degree in computer engineering, electrical engineering, computer science or a related field, with some experience in the general area of navigation."[15]  Questions about whether determining an expected time of arrival "at a way point" and "in response to the traffic or weather information," as well as "audibly communicating information regarding the next way point" are adequately enabled involves complex questions for one of ordinary skill in the art.

---

[15] Ex. 7 at ¶ 48.

5

Plaintiff also disputes Defendants' contentions and has identified "exemplary portions of the '377 patent specification that would help enable a person of ordinary skill to make and use the claimed features identified by Defendants."[16] Resolving these issues are simply not the type of patent questions that the fact finder can determine without the assistance of expert testimony.

Thus, Defendants' failure to offer evidence from one skilled in the art in support of their enablement contentions warrants entry of summary judgment in favor of Plaintiff. *E.g.*, *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 648 F. Supp. 2d 1294, 1353-54 (M.D. Fla. 2009) (no clear and convincing evidence regarding undue experimentation absent expert testimony on the issue); *Omniglow Corp. v. Unique Indus., Inc.*, 184 F. Supp. 2d 105, 116 (D. Mass. 2002) ("[N]o expert testimony has been submitted by defendant to support its [enablement] assertion. . . . Given the weakness of [defendant's] evidentiary submissions, this court finds that defendant has failed as a matter of law to provide sufficient evidence to support its burden of proof on the invalidity of the '306 patent under Section[] 112.").

**2. Defendants Cannot Meet Their Burden of Proving Lack of Written Description by Clear and Convincing Evidence.**

Like enablement, the written description requirement is viewed from the perspective of a skilled artisan. The "test for sufficiency is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010). The fact finder may look solely at the language of the specification where the application clearly fails to adequately describe the claimed invention. *See Univ. of Rochester v. G.D. Searle & Co.*, 358 F.3d 916, 927 (Fed. Cir. 2004). But here, Plaintiff has identified

[16] *E.g.*, Ex. 11 at 10-12.

exemplary portions of the specification that describe the "communicating audibly information regarding the next way point" limitation."[17] Thus, fundamental to the written description inquiry in this case is testimony from one having skill in the art to resolve these issues; without it, the fact finder cannot determine whether the inventor had possession of the claimed subject matter at the time of filing. *Cf. Centricut*, 390 F.3d at 1369–70.

### 3. Defendants Cannot Meet Their Burden of Proving Indefiniteness by Clear and Convincing Evidence.

Defendants cannot meet their burden of establishing that the claims are indefinite. Defendants' argue that the asserted claims warrant mean-plus-function treatment, and are therefore indefinite because the specification fails to identify corresponding structure for several limitations.[18] But their contentions fail because they do nothing to overcome the presumption against means-plus-function treatment. *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1300 (Fed. Cir. 2014). Moreover, even assuming means-plus-function treatment is appropriate (and it is not), Defendants have failed to meet their burden of showing by clear and convincing evidence that the specification of the '377 patent fails to disclose sufficient structure. The Federal Circuit explained that "[w]ithout evidence, ordinarily neither the district court nor this court can decide whether, for a specific function, the description in the specification is adequate from the viewpoint of a person of ordinary skill in the field of the invention." *Elcommerce.com, Inc. v. SAP AG*, 745 F.3d 490, 506 (Fed. Cir. 2014), (vacated on other grounds by 564 F. App'x 599 (Fed. Cir. 2014)). The Federal Circuit held that "[t]he burden was on SAP to prove its case, and in the absence of evidence provided by technical experts who meet the *Daubert* criteria there is a failure of proof. Attorney argument is not evidence." *Id.* Plaintiff has pointed to portions of the

---

[17] *E.g.*, Ex. 11 at 8-10.
[18] Ex. 3 at 24-31.

specification that sufficiently identify corresponding structure to a person of ordinary skill.[19]

And Defendants offered only attorney argument in response. *Elcommerce.com*, 745 F.3d at 506.

## V. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court grant partial summary judgment of no invalidity of the '377 patent under 35 U.S.C. §§ 102 and 112.

Dated: June 23, 2016

**FISH & RICHARDSON P.C.**

By: */s/ Martina Tyreus Hufnal*
Martina Tyreus Hufnal (#4771)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899-1114
Tel: (302) 778-8407
Hufnal@fr.com

Michael J. Kane
William R. Woodford
Jason M. Zucchi
Phillip Goter
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 335-5070
Kane@fr.com
Woodford@fr.com
Zucchi@fr.com
Goter@fr.com

Juanita Brooks
Geoff D. Biegler
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-4357
Brooks@fr.com
Biegler@fr.com

*Attorneys for Plaintiff VEHICLE IP, LLC*

---

[19] *E.g.*, Ex. 12 at 76-78.