IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VEHICLE IP, LLC,

    Plaintiff,

v.

AT&T MOBILITY LLC, CELLCO PARTNERSHIP, NETWORKS IN MOTION, INC., TELECOMMUNICATION SYSTEMS, INC. and TELENAV INC.,

    Defendants.

C.A. No. 09-1007 LPS-CJB



REDACTED VERSION

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERT OPINIONS REGARDING NON-COMPARABLE LICENSE AGREEMENTS, ALLEGED NON-INFRINGING ALTERNATIVES, AND APPORTIONMENT**

Dated: June 23, 2016

**FISH & RICHARDSON P.C.**
Martina Tyreus Hufnal (#4771)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899-1114
Tel: (302) 778-8407
Hufnal@fr.com

Michael J. Kane
William R. Woodford
Jason M. Zucchi
Phillip Goter
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 335-5070
Kane@fr.com; Woodford@fr.com;
Zucchi@fr.com; Goter@fr.com

Juanita Brooks
Geoff D. Biegler
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-4357
Brooks@fr.com; Biegler@fr.com

*Attorneys for Plaintiff*
*VEHICLE IP, LLC*

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| I. | NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| II. | SUMMARY OF THE ARGUMENT | 1 |
| III. | CONSISE STATEMENT OF FACTS | 1 |
| | A. Dr. Ugone's Damages Approach | 1 |
| | B. Mr. Bakewell's Damages Approach | 2 |
| | C. TeleNav's Failure to Disclose their Purported Non-Infringing Alternatives. | 3 |
| IV. | ARGUMENTS AND AUTHORITIES | 5 |
| | A. Dr. Ugone and Mr. Bakewell Should Be Precluded From Testifying As to Non-Comparable License Agreements. | 5 |
| |     1. Dr. Ugone Has Not Established Economic Comparability. | 6 |
| |     2. Mr. Bakewell Has Not Established Economic Comparability. | 9 |
| | B. Mr. Bakewell and Mr. Andrews Should Be Precluded From Testifying As to Their Alleged Non-Infringing Alternatives. | 10 |
| | C. The Court Should Exclude Dr. Ugone's Opinions Concerning a 50% Apportionment of Profits. | 12 |
| V. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AVM Techs., LLC v. Intel Corp.*,
  927 F. Supp. 2d 139 (D. Del. 2013) ................................................................................6

*Finjan, Inc. v. Secure Comp. Corp.*,
  626 F. 3d 1197 (Fed. Cir. 2010) .................................................................................5, 7

*Freeney, et al. v. Murphy Oil Corp.*,
  Case No. 2:13-CV-791-RSP, 2015 WL 5144347 (E.D. Tex. June 4, 2015) ...........12

*Inline Connection Corp. v. AOL Time Warner Inc.*,
  470 F. Supp. 2d 424 (D. Del. 2007) ................................................................................8

*Innogenetics, N.V. v. Abbott Labs.*,
  512 F.3d 1363 (Fed. Cir. 2008) ....................................................................................11

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F. 3d 51 ................................................................................................................7, 9

*Loeffel Steel Prods. v. Delta Brands, Inc.*,
  387 F. Supp. 2d 794 (N.D. Ill. 2005) ............................................................................11

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) ......................................................................................5

*Odetics, Inc. v. Storage Tech. Corp.*,
  185 F.3d 1259 (Fed. Cir. 1999) ......................................................................................7

*Open Text S.A. v. Box, Inc.*,
  2015 WL 349197 (N.D. Cal. 2015) ................................................................................8

*Sprint Commc'ns Co. L.P. v. Comcast IP Holdings, LLC*,
  No. 12-01013, 2015 WL 456154 (D. Del. Jan. 30, 2015) ..............................................6

*TV Interactive Data Corp. v. Sony Corp.*,
  929 F. Supp. 2d 1006 (N.D. Cal. 2013) ..........................................................................8

*Uniloc USA, Inc. v. Microsoft Corp.*,
  632 F.3d 1292 (Fed. Cir. 2011) ....................................................................................12

*Wordtech Systems, Inc. v. Integrated Networks Solutions, Inc.*,
  609 F.3d 1308 (Fed. Cir. 2010) ...........................................................................7, 8, 10

**Other Authorities**

Fed. R. Civ. P. 26(e) ..................................................................................................11

Fed. R. Civ. P. 37(c) ..................................................................................................11

Rule 26 ......................................................................................................................11

Rule 30(b)(6) ............................................................................................................3, 4

Rule 703 ....................................................................................................................11

**I.     NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff filed this lawsuit on December 31, 2009.[1] Discovery is complete, and all proposed expert witnesses have provided expert reports and have been deposed. The hearing for summary judgment and *Daubert* motions is set for September 7, 2016.[2]

**II.    SUMMARY OF THE ARGUMENT**

Plaintiff respectfully moves this Court for an order excluding and striking certain opinions from Defendants' expert reports relating to damages and infringement that are based on unreliable methodologies and previously undisclosed facts. Specifically, Plaintiff moves to (1) exclude Dr. Ugone and Mr. Bakewell's opinions that relate to and rely on non-comparable license agreements, (2) exclude and strike Mr. Bakewell's and Mr. Andrews's non-infringing alternative theories that were not disclosed during fact discovery, and (3) exclude Dr. Ugone's opinions that relate to and rely on an "illustrative" 50% apportionment of profits.

**III.   CONSISE STATEMENT OF FACTS**

   **A.     Dr. Ugone's Damages Approach**

In his analysis of *Georgia-Pacific* Factor 2, the TCS Defendants' ("TCS") damages expert, Dr. Keith Ugone, considered a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[3]

---

[1] D.I. 1.
[2] D.I. 258.
[3] *See* Ex. 1 at ¶ 96, Appendix A at 3, Exhibit 8; Exs. 2-15. Unless otherwise noted, all cites to exhibits are to the exhibits attached to the Declaration of Jason M. Zucchi in Support of Plaintiffs' Motion to Exclude Expert Opinions Regarding Non-Comparable License Agreements, Alleged Non-Infringing Alternatives, and Apportionment, filed herewith.
[4] *See* Ex. 1 at ¶ 96; Appendix A at 3.

1



### B. Mr. Bakewell's Damages Approach

Similarly, in his analysis of *Georgia-Pacific* Factor 2, the TeleNav Defendants' ("TeleNav") damages expert, Mr. Christopher Bakewell, considered a single litigation settlement

---

[5] *See* Ex. 1 at ¶ 96; Appendix A at 3; Ex. 16 at 185:23-186:11.
[6] *See* Ex. 1 at ¶ 97, Appendix A at 3.
[7] *See* Ex. 1 at ¶ 97, Appendix A at 3.
[8] *See* Ex. 1 at ¶ 100(g); Appendix A at 3.
[9] *See* Ex. 16 at 215:12-20.
[10] *See* Ex. 1 at ¶¶ 19(e), 127, 135, Exhibit 14.
[11] *See* Ex. 16 at 216:11-223:2.

expert, identified as technically comparable to the '377 Patent.[12] ████████████

████████████████████████████████████████████████████

████████ ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████ ████████████████████████████████████████

████████████████████████████████████████████

### C. TeleNav's Failure to Disclose their Purported Non-Infringing Alternatives.

Plaintiff requested through an interrogatory that Defendants describe in detail "any products and/or services [that] are acceptable non-infringing alternatives to the subject matter claimed in the patent-in-suit."[17] ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████[18] Fact discovery closed on January 28, 2016, and at no point before or after that date did Defendants supplement their responses to these interrogatories.

Although Plaintiff propounded Rule 30(b)(6) topics directed at "[a]ny efforts to design, redesign, or modify the Accused Systems after Defendants became aware of the '377 patent,"

---

[12] *See* Ex. 17 at ¶¶ 182-197, Exhibit 2; Ex. 18.
[13] *See* Ex. 17 at ¶¶ 181-84.
[14] *See* Ex. 17 at ¶¶ 185-87.
[15] *See* Ex. 17 at ¶ 189.
[16] *See* Ex. 17 at ¶ 190.
[17] *See* Ex. 19 at 3.
[18] *See* Ex. 20 at 16-17; Ex. 21 at 12-13.

and "[r]easons why Defendants did not attempt to design, redesign, or modify the Accused Systems to avoid infringing the '377 patent," TeleNav and AT&T objected and refused to designate a Rule 30(b)(6) witness to testify as to those topics.[19]

The first time TeleNav and AT&T disclosed two purported non-infringing alternatives was in Mr. Andrews's rebuttal non-infringement report, served on April 28, 2016, almost three months after the close of fact discovery.[20] These newly disclosed alternatives include (1) ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████ ██Mr. Andrews heavily relies on his conversion with Dr. Robert Rennard, co-founder of TeleNav and a principal TeleNav engineer, for both alternatives.[22]

███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
████████████████████ ████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
██████████████████████ ██████████████████████████████████████
████████████████████████████████████████████████████████

---

[19] Ex. 22 at 52-55; Ex. 23 at 46-49.
[20] *See* Ex. 24 ¶¶ 305-332.
[21] *See* Ex. 24 at ¶¶ 309-332.
[22] *See* Ex. 24 at ¶¶ 305-332.
[23] *See* Ex. 24 at ¶¶ 311-13.
[24] *See* Ex. 24 at ¶¶ 314-15.
[25] *See* Ex. 24 at ¶¶ 310, 314.

4



## IV. ARGUMENTS AND AUTHORITIES

### A. Dr. Ugone and Mr. Bakewell Should Be Precluded From Testifying As to Non-Comparable License Agreements.

When a reasonable royalty relies on license agreements, "the licenses relied on . . . in proving damages [must be] sufficiently comparable to the hypothetical license at issue in suit." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009). An expert relying on past licenses "must account for differences in . . . economic circumstances of the contracting parties." *Finjan, Inc. v. Secure Comp. Corp.*, 626 F. 3d 1197, 1211 (Fed. Cir. 2010).

---

[26] *See* Ex. 24 at ¶ 324.
[27] *See* Ex. 24 at ¶ 326.
[28] *See* Ex. 24 at ¶ 330.
[29] *See* Ex. 17 at ¶¶ 203-220.
[30] *See* Ex. 17 at ¶¶ 203-207, 216-219.
[31] *See* Ex. 17 at ¶ 228.
[32] *E.g.*, Ex. 17 at ¶¶ 223, 227, 228, 229, 248, 258, 284, 352, 377.

5

### 1. Dr. Ugone Has Not Established Economic Comparability.

Dr. Ugone failed to perform the required analysis to opine that the ███████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████.

Dr. Ugone relied on the ██████████████████ without doing any analysis of the underlying litigations or their settlement context. The Federal Circuit and this Court have excluded expert testimony and licenses as unreliable where an expert fails to perform this analysis on allegedly comparable settlements. *See, e.g., AVM Techs., LLC v. Intel Corp.*, 927 F. Supp. 2d 139, 143-145 (D. Del. 2013) ("To say that one litigation settlement agreement relating to a different patent and executed five years after the hypothetical negotiation would have taken place - even assuming [technical comparability] - is the basis for an opinion is completely speculative without, at a minimum, some analysis of the litigation that led to the settlement. Without analysis of the litigation, the conclusion cannot be based on 'sound economic and factual predicates.'"); *Sprint Commc'ns Co. L.P. v. Comcast IP Holdings, LLC*, No. 12-01013, 2015 WL 456154, at *2 (D. Del. Jan. 30, 2015) (granting motion *in limine* regarding expert's

---

[33] *See* Ex. 1 at ¶¶ 96-97, 100, Appendix A at 3; *see also, e.g.*, Ex. 16 at 191-213.

6

testimony about agreements that were not "sufficiently comparable," in part because the expert provided no information regarding the nature of the litigation or the context of the settlement).



See *Finjan*, 626 F. 3d at 1211.

See, e.g., *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F. 3d 51, 78 (settlement agreement entered "a full three years after the hypothetical negotiation" is not relevant); *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1276-77 (Fed. Cir. 1999) (settlement agreements 4 and 5 years after hypothetical negotiation are irrelevant).

. For example, in *Wordtech Systems, Inc. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1319 (Fed. Cir. 2010), the Federal Circuit rejected two licenses like the ones Dr. Ugone relied on here—both for lump sum payments—because "[n]either license describe[d] how the parties

---

[34] *See* Ex. 1 at ¶¶ 15-16, 81-82, 96-97, 100(g); Appendix A at 3, Exhibit 8.

calculated each lump sum, the licensees' intended products, or how many products each licensee expected to produce." *Id.* at 1320. The Federal Circuit held that without additional data, the lump sum licenses offered the jury "little more than a recitation of royalty numbers." *Id.* ▇

▇

▇ ▇

▇

▇

▇

▇ ▇

▇

▇ The law is clear that an expert may not rely on non-comparable licenses for any purpose. *See, e.g., Open Text S.A. v. Box, Inc.*, 2015 WL 349197, at *5 (N.D. Cal. 2015) (holding expert may not mention non-comparable license for any reason, including to provide background evidence); *TV Interactive Data Corp. v. Sony Corp.*, 929 F. Supp. 2d 1006, 1016 (N.D. Cal. 2013) (holding that a damages expert may not rely on non-comparable licenses even "for the limited purpose of noting that they 'support' [expert's] royalty rate"); *Inline Connection Corp. v. AOL Time Warner Inc.*, 470 F. Supp. 2d 424, 433 (D. Del. 2007) (excluding expert's testimony regarding evidence that he conceded was not an element of his reasonable royalty computations, but which he included as part of his *Georgia-Pacific* factor analysis because it was "a fact in the record").

---

[35] *See* Ex. 16 at 184:16-185:14.
[36] *See* Ex. 16 at 191:4-13; *see also id.* at 188:1-191:4.

## 2. Mr. Bakewell Has Not Established Economic Comparability.

Mr. Bakewell also failed to perform the required analysis that would allow him to opine



---
[37] *E.g.,* Ex. 26 at 144:21-145:5, 145:21-25.
[38] *E.g.,* Ex. 26 at 143:21-144:20.
[39] *E.g.,* Ex. 26 at 148:14-149:12.
[40] *E.g.,* Ex. 17 at ¶¶ 182-193, Exhibit 2.
[41] *E.g.,* Ex. 27 at ¶ 104; Ex. 28 at ¶ 72.

9

██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
█████████████████████████

**B. Mr. Bakewell and Mr. Andrews Should Be Precluded From Testifying As to Their Alleged Non-Infringing Alternatives.**

During fact discovery, Plaintiff asked TeleNav to describe in detail "any products and/or services [that] are acceptable non-infringing alternatives to the subject matter claimed in the patent-in-suit."[42] In its response to Plaintiff's interrogatory, TeleNav identified a number of theoretical alternatives, none of which its experts now rely on.[43] The first time TeleNav disclosed these specific alternatives was in its rebuttal non-infringement and damages reports served almost three months after the close of fact discovery.

TeleNav has no credible excuse for its failure to disclose these alternatives before the close of fact discovery. The witnesses that provided the information that forms the basis of the alleged alternatives (Dr. Rennard and Mr. Glebov) are on TeleNav's initial disclosures, so the information was in TeleNav's control from the beginning of the case. The initial disclosures identify several topics for these witnesses, but TeleNav left out anything related to non-infringing alternatives (even though it supplemented them six weeks before discovery closed).[44] TeleNav now wrongly seeks to present evidence from them by having them provide their

---

[42] *See* Ex. 19 at 3.
[43] *See* Ex. 20 at 16-17; Ex. 21 at 12-13.
[44] *See* Ex. 25.

10

opinions to experts who will transform their opinions into expert testimony. *See Loeffel Steel Prods. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 808 (N.D. Ill. 2005) (Rule 703 "was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion.").

In addition, the Federal Rules obligate TeleNav to respond to Plaintiff's discovery requests during the course of fact discovery, and update such requests in a timely manner. Fed. R. Civ. P. 26(e). And the Federal Rules penalize failure to do so. *See* Fed. R. Civ. P. 37(c). The offending party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). The Rule 37(c) advisory committee notes emphasize that this "self-executing" and "automatic" sanction "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." *Id.* Advisory Committee's Note (1993). Had TeleNav timely disclosed these alternatives, Plaintiff could have sought to conduct discovery into the purported alternatives, including the purported acceptability of the alternatives, as well as the feasibility and cost of implementing them.

Exclusion is an appropriate sanction for TeleNav's failure to comply with discovery rules regarding its alleged non-infringing alternatives. *See Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1376 n. 4 (Fed. Cir. 2008) ("Conclusory expert reports, eleventh hour disclosures, and attempts to proffer expert testimony without compliance with Rule 26 violate both the rules and principles of discovery, and the obligations lawyers have to the court. Exclusion and forfeiture are appropriate consequences to avoid repeated occurrences of such manipulation of the litigation process."). Accordingly, Plaintiff respectfully requests that the Court preclude both

experts from providing any testimony regarding the non-infringing alternatives. *See Freeney, et al. v. Murphy Oil Corp.*, Case No. 2:13-CV-791-RSP, 2015 WL 5144347 at *3 (E.D. Tex. June 4, 2015) (precluding expert from testifying regarding a "design-around option" that was not disclosed during discovery).

    **C.    The Court Should Exclude Dr. Ugone's Opinions Concerning a 50% Apportionment of Profits.**

███████████████████████████████████████████

███████████████████████████████████████████.[45]

In *Uniloc*, the Federal Circuit rejected a 25% "rule of thumb." *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1315 (Fed. Cir. 2011). ████████████████

████████████████████████████████

████████████████████████████████████

████████████████████

**V.    CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that the Court (1) exclude Dr. Ugone and Mr. Bakewell's opinions that relate to and rely on non-comparable license agreements, (2) exclude and strike Mr. Bakewell's and Mr. Andrews's non-infringing alternative theories that were not disclosed during the course of fact discovery, and (3) exclude Dr. Ugone's opinions that relate to and rely on an "illustrative" 50% apportionment of profits.

---

[45] *See* Ex. 16 at 216:11-223:2.

Dated: June 23, 2016

**FISH & RICHARDSON P.C.**

By: */s Martina Tyreus Hufnal*
Martina Tyreus Hufnal (#4771)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899-1114
Tel: (302) 778-8407
Hufnal@fr.com

Michael J. Kane
William R. Woodford
Jason M. Zucchi
Phillip Goter
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 335-5070
Kane@fr.com; Woodford@fr.com;
Zucchi@fr.com; Goter@fr.com

Juanita Brooks
Geoff D. Biegler
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-4357
Brooks@fr.com; Biegler@fr.com

*Attorneys for Plaintiff VEHICLE IP, LLC*

61329705.doc