IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VEHICLE IP, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 09-1007-LPS |
| | ) | |
| v. | ) | |
| | ) | |
| AT&T MOBILITY LLC, CELLCO PARTNERSHIP, NETWORKS IN MOTION, INC., TELECOMMUNICATION SYSTEMS INC., TELENAV INC., UNITED PARCEL SERVICE INC., and UPS LOGISTICS TECHNOLOGIES INC., | ) ) ) ) ) ) ) | REDACTED: PUBLIC VERSION |
| Defendants. | ) | |

**OPENING BRIEF IN SUPPORT OF THE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO DIRECT INFRINGEMENT OF METHOD CLAIMS**

OF COUNSEL:
David R. Clonts
Manoj S. Gandhi
Michael F. Reeder, II
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, TX 77002
(713) 220-5800

Steven M. Zager
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
(212) 872-1000

*Attorneys* for *Defendants AT&T Mobility LLC and TeleNav, Inc.*

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com

*Attorneys* for *Defendants AT&T Mobility LLC and TeleNav, Inc.*


OF COUNSEL:
John P. Schnurer
Kevin J. Patariu
Evan S. Day
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130-2594
(858) 720-5700

*Attorneys for Defendants*
*TeleCommunication Systems, Inc., and Networks in Motion, Inc.,* and *Cellco Partnership*

Floyd B. Chapman
Kevin P. Anderson
Karin Hessler
WILEY REIN LLP
1776 K Street, NW
Washington, D.C. 20006
(202) 719-7000

Attorneys for Defendant
*Cellco Partnership*

Dated: June 23, 2016

John G. Day (No. 2403)
Tiffany Geyer Lydon (No. 3950)
Andrew C. Mayo (No. 5207)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

Attorneys for Defendants
*TeleCommunication Systems, Inc., Networks in Motion, Inc.,* and *Cellco Partnership*

**Table of Contents**

|      |                                                                                                                                                                                 | Page |
|------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| I.   | Summary of the Argument                                                                                                                                                         | 1    |
| II.  | Statement of Facts                                                                                                                                                              | 1    |
|      | A. Asserted Method Claims                                                                                                                                                       | 1    |
|      | B. Accused Products                                                                                                                                                             | 2    |
|      | C. VIP's Infringement Allegations                                                                                                                                               | 3    |
| III. | Nature and Stage of the Proceedings                                                                                                                                             | 3    |
| IV.  | ARGUMENT                                                                                                                                                                        | 4    |
|      | A. Defendants Do Not Directly Infringe Because They Do Not Perform All Steps of the Asserted Method Claims.                                                                     | 4    |
|      | B. Plaintiff's Allegations of Joint Infringement and Direct/Control Fail Because It does not allege that Users are Controlled or are Part of a Joint Enterprise.                | 6    |
| V.   | CONCLUSION                                                                                                                                                                      | 6    |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015)......................................................................................6

*Finjan, Inc. v. Secure Computing Corp.*,
    626 F.3d 1197 (Fed. Cir. 2010)......................................................................................4

*Joy Techs., Inc. v. Flakt, Inc.*,
    6 F.3d 770 (Fed. Cir. 1993)............................................................................................4

*Ormco Corp. v. Align Tech., Inc.*,
    463 F.3d 1299 (Fed. Cir. 2006)......................................................................................4

AT&T Mobility LLC ("AT&T"), Cellco Partnership ("Verizon"), Networks In Motion, Inc. ("NIM"), Telecommunication Systems Inc. ("TCS"), and Telenav, Inc. ("Telenav" and, collectively, "Defendants") submit this brief in support of their motion for partial summary judgment of no direct infringement of the method claims of U.S. Pat. No. 5,987,377 (the "'377 patent").

## I. SUMMARY OF THE ARGUMENT

1. To prove direct infringement of the method claims, Vehicle IP must show that Defendants perform each and every step of the asserted method claims—something VIP has not and cannot do. The asserted method claims require that three different components perform the recited steps: a dispatch (VIP accuses Telenav's and TCS's backend servers); a cellular network (VIP accuses AT&T's and Cellco's ("Verizon's") cellular networks); and a mobile unit (VIP accuses an end user's cell phone running the accused mobile navigation applications).

2. It is undisputed that Defendants themselves do not perform the steps of the asserted method claims directed to the mobile unit, and sales by Defendants are insufficient to show infringement of the method claims. If anyone performs these steps, it would be the end user of the accused devices and not Defendants. To avoid these issues, Vehicle IP relies on "direct[ion] or control" and "joint enterprise" theories of infringement. But both of these infringement theories relate to the respective relationships between Telenav and AT&T, and TCS and Verizon. Neither theory addresses the mobile unit steps of the asserted claims. Because there is no genuine issue of material fact that the Defendants do not perform the mobile unit steps, Defendants are entitled to judgment as a matter of law.

## II. STATEMENT OF FACTS

### A. Asserted Method Claims

VIP asserts five method claims against Defendants: dependent claims 25, 27, 28, 30, and

1

32 of the '377 patent, all of which depend from claim 23. Clonts Decl., Ex. A, Goldberg Telenav Rep. ¶¶ 4, 7, 9; Day Decl., Ex. C, Goldberg TCS Rep. ¶¶ 4, 7, 9. Claim 23 of the '377 patent requires as follows:

> 23. A method for determining an expected time of arrival of a vehicle, comprising:
>
> generating destination information at a dispatch, the destination information specifying a plurality of way points;
>
> transmitting the destination information to the vehicle;
>
> **determining at the vehicle the vehicle position;**
>
> **determining at the vehicle in response to the vehicle position the expected time of arrival of the vehicle at a way point identified by the destination information and**
>
> wherein the step of transmitting the destination information to the vehicle is performed using a cellular telephone network.

Clonts Dec., Ex. B, '377 patent (emphasis added). It is undisputed that the two "determining" steps are performed by the mobile unit. For the step of "determining at the vehicle the vehicle position," Dr. Goldberg, VIP's infringement expert, states in his report that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." Clonts Dec., Ex. A, ¶ 168; Day Decl., Ex. C, ¶ 163. For the step of "determining at the vehicle in response to the vehicle position the expected time of arrival of the vehicle at a way point identified by the destination information," Dr. Goldberg states that "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." Clonts Decl., Ex. A, ¶ 169; Day Decl., Ex. C, ¶ 164.

### B. Accused Products

The accused products are mobile navigation applications developed by Telenav and TCS (and TCS' predecessor NIM). The applications operate on the cell phones of end users. If end users launch the accused products on their cell phones, their cell phones may communicate with

the respective backend servers of Telenav or TCS over a cellular network (e.g. Sprint, T-Mobile, AT&T, or Verizon) to retrieve route information.

### C. VIP's Infringement Allegations

Recognizing that infringement of the asserted method claims requires performance by multiple actors, Dr. Goldberg opines that Telenav and TCS are respectively liable for joint and divided infringement. Clonts Decl., Ex. A, ¶ 9; Day Decl., Ex. C, ¶ 9. In support of these theories, Dr. Goldberg states (using identical language) that each of Telenav and TCS ██████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████ Clonts Decl., Ex. A, ¶ 9; Day Decl., Ex. C, ¶ 9. Similarly, Dr. Goldberg states that AT&T and Verizon are liable for performance of the method steps because AT&T has formed a joint enterprise with Telenav, while Verizon has formed a joint enterprise with TCS. Clonts Decl., Ex. A, ¶ 9; Day Decl., Ex. C, ¶ 9.

Notably, VIP does not allege that any of the Defendants direct or control the consumers of the accused products. Nor does VIP provide any evidence of use by the consumers of the accused products. Finally, even if there is a determination of use by the consumers of the accused products, VIP does not allege that Defendants are otherwise responsible for the performance by the consumers of the claimed method steps. *See* Clonts Decl., Ex. A, ¶ 9; Day Decl., Ex. C, ¶ 9.

### III. NATURE AND STAGE OF THE PROCEEDINGS

Vehicle IP accuses the Defendants of infringing method claims of the '377 patent based on the use of their respective mobile navigation cell phone applications ("apps"). The parties have completed fact and expert discovery. VIP has retained Steven Goldberg as it technical

expert, and Dr. Goldberg has submitted opening and reply infringement expert reports for the two Defendant groups. Dr. Goldberg was also deposed by each of the two defendant groups.

## IV. ARGUMENT

### A. Defendants Do Not Directly Infringe Because They Do Not Perform All Steps of the Asserted Method Claims.

It is well-established that "[t]o infringe a method claim, a person must have practiced all steps of the claimed method." *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1206 (Fed. Cir. 2010). Under this general rule, a "method claim is not directly infringed by the sale of an apparatus even though it is capable of performing only the patented method." *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993); *see also Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use."). A "method claim is directly infringed only by one practicing the patented method." *Joy Techs.*, 6 F.3d at 775.

VIP has failed to offer any evidence of use by the end user consumers. Telenav and TCS make the accused apps. Those apps are preloaded or downloaded onto cell phones of end users of various cellular carriers, including Sprint, T-Mobile, AT&T, and Verizon. End user consumers may purchase subscription plans for the accused products. Even if VIP had offered evidence of use by customers of the accused functionality, such sales and potential use by end users do not constitute infringement by Defendants. *See Joy Techs.*, 6 F.3d at 773.

Moreover, VIP has offered no evidence that Defendants themselves perform each and every step of any of the asserted method claims. The accused products are not activated and connected to a cellular network until the end user takes action. VIP relies on conclusory allegations that Defendants tested the accused products (VIP's damages expert presents no opinion as to the damages related to alleged testing), but these allegations fail to demonstrate that

any Defendant performed the "determining" steps required to be performed by an end user.

Telenav/AT&T: Dr. Goldberg, VIP's infringement expert, has not presented any evidence that Telenav tests the accused products. For AT&T, Dr. Goldberg has not presented any actual evidence of testing. Instead, Dr. Goldberg relies entirely upon a single statement by Telenav's chief financial officer, Mike Strambi, that " ██████████████████████████████

██████████████████████████ Clonts Dec., Ex. A, ¶ 180. This supposed evidence was not provided by an employee of AT&T. And Mr. Strambi's testimony does not

██████████████████████████████████████████████████

██████████████████████. Nor does Dr. Goldberg have any evidence to support the extent of use for the alleged testing. In other words, Dr. Goldberg's cherry picked quote from the deposition of Telenav's CFO, without any further evidence, does not create a fact issue that defeats this motion regarding AT&T.

TCS/Verizon: Relying on similar conclusory evidence, Dr. Goldberg also alleges that TCS and Verizon collaborated to test the TCS Accused Products, but points to no evidence that either TCS or Verizon performed either "determining" step of claim 23 as part of this alleged testing. Day Decl., Ex. C, ¶¶ 179, 188. For example, none of the deposition testimony cited by Goldberg in any way links any alleged testing to any of the features purportedly claimed by claim 23 of the '377 patent.

Finally, Dr. Goldberg has not presented any evidence of any other use by Defendants. Simply, VIP has no evidence that any of the Defendants performs the "determining" steps of claim 23 of the '377 patent. As such, Defendants cannot infringe any of the asserted method claims.

5

### B. Plaintiff's Allegations of Joint Infringement and Direct/Control Fail Because It does not allege that Users are Controlled or are Part of a Joint Enterprise.

VIP and its expert make alternative "direction or control" and "joint enterprise" arguments regarding the relationships between the product developers, Telenav and TCS, and the cellular carriers, AT&T and Verizon.

A joint enterprise requires proof of (1) an agreement among the members of the group, (2) a common purpose to be carried out by the group, (3) a community of pecuniary interest in that purpose, among the members and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control. *Akamai Techs., Inc. v. Limelight Networks, Inc*., 797 F.3d 1020, 1023 (Fed. Cir. 2015).

It is, however, irrelevant to this motion whether Dr. Goldberg's "direct or control" or "joint enterprise" theories are determined to be factually correct, because neither theory addresses performance of the "determining" steps; thus, neither theory is sufficient to hold Defendants liable for the end users' direct infringement of the asserted method claims. Dr. Goldberg has not opined that any of the Defendants direct or control or have entered into a joint enterprise with the end users of the accused products. Indeed, such an opinion is not factually supportable. It is undisputed that the "determining" steps of claim 23 of the '377 patent are potentially performed only by an end user. Thus, any performance of the "determining" steps is attributable only to the end users, and not the Defendants. Defendants cannot be found to perform steps that are executed by the end users. The remedy for performance of method steps by the end users lies in indirect infringement, which is addressed by separate motion.

### V. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant summary judgment of non-infringement of the asserted method claims of the '377 patent.

| | |
|---|---|
| OF COUNSEL:<br>David R. Clonts<br>Manoj S. Gandhi<br>Michael F. Reeder, II<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>1111 Louisiana Street, 44th Floor<br>Houston, TX 77002<br>(713) 220-5800<br><br>Steven M. Zager<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Bryant Park<br>New York, NY 10036<br>(212) 872-1000 | /s/ Andrew E. Russell<br>John W. Shaw (No. 3362)<br>Andrew E. Russell (No. 5382)<br>David M. Fry (No. 5486)<br>SHAW KELLER LLP<br>300 Delaware Avenue, Suite 1120<br>Wilmington, Delaware 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>arussell@shawkeller.com<br>dfry@shawkeller.com<br>*Attorney* for *Defendants AT&T Mobility LLC and TeleNav Inc.* |
| OF COUNSEL:<br>John P. Schnurer<br>Kevin J. Patariu<br>Evan S. Day<br>PERKINS COIE LLP<br>11988 El Camino Real, Suite 350<br>San Diego, CA 92130-2594<br>(858) 720-5700<br><br>Floyd B. Chapman<br>Kevin P. Anderson<br>Karin Hessler<br>WILEY REIN LLP<br>1776 K Street, NW<br>Washington, DC 20006<br>(202) 719-7000<br>*Cellco Partnership Only*<br><br>Dated: June 23, 2016 | /s/ John G. Day<br>John G. Day (No. 2403)<br>Tiffany Geyer Lydon (No. 3950)<br>Andrew C. Mayo (No. 5207)<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>jday@ashby-geddes.com<br>tlydon@ashby-geddes.com<br>amayo@ashby-geddes.com<br><br>*Attorneys for Defendants TeleCommunication Systems, Inc., Networks in Motion, Inc. and Cellco Partnership* |