IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VEHICLE IP, LLC, | : |
| Plaintiff, | : |
| v. | : |
|  | : C.A. No. 09-1007-LPS |
| AT&T MOBILITY LLC, CELLCO PARTNERSHIP, NETWORKS IN MOTION, INC., TELECOMMUNICATION SYSTEMS, INC., and TELENAV INC., | : |
| Defendants. | : |

## MEMORANDUM ORDER

1.      On June 13, 2016, Defendants Telenav Inc. and AT&T Mobility LLC ("Telenav Defendants") moved for the Court to sever Plaintiff Vehicle IP's claims against the Telenav Defendants from the claims against Telecommunication Systems, Inc., Networks in Motion, Inc., and Cellco Partnership ("TCS Defendants"). (D.I. 367) The TCS Defendants joined the Telenav Defendants' motion (D.I. 420), and Plaintiff Vehicle IP opposed (D.I. 413). Briefing was completed on July 11, 2016. (D.I. 422)

2.      Motions to sever in a patent case are governed by Federal Circuit law, *In re EMC Corp.*, 677 F.3d 1351, 1354 (Fed. Cir. 2012), and the Federal Circuit has prescribed that courts considering a motion to sever under Federal Rule of Civil Procedure 21 look to Rule 20 for guidance, *see id.* at 1356. Defendants may be joined under Rule 20 in a single action if two requirements are satisfied: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will

1

arise in the action." Fed. R. Civ. P. 20.

3. Where a plaintiff accuses different products or processes, "[j]oinder of independent defendants is *only* appropriate where the accused products or processes are the same in respects relevant to the patent." *EMC*, 677 F.3d at 1359 (emphasis added). The transaction-or-occurrence requirement of Rule 20 is not satisfied simply by asserting the same claims of the same patents against independent defendants, but instead requires a logical relationship between the causes of action, such that "the defendants' allegedly infringing acts . . . *share* an aggregate of operative facts." *Id.* at 1357-58. Those overlapping, operative facts must be more than "coincidentally identical;" that the accused products of independent defendants are the "same" is not enough. *Id.* at 1359. Therefore, "[u]nless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *Id.*

4. In evaluating whether an actual link between different products exists, the Court weighs "pertinent factual considerations includ[ing] whether the alleged acts of infringement occurred during the same time period, the existence of some relationship among the defendants, the use of identically sourced components, licensing or technology agreements between the defendants, overlap of the products' or processes' development and manufacture, and whether the case involves a claim for lost profits." *Id.* at 1359-60.

5. Even in the event that joinder under Rule 20 is impermissible, the Court retains discretion to consolidate cases for discovery and trial under Rule 42, so long as venue is proper and there is "a common question of law or fact." Fed. R. Civ. P. 42(a); *see also EMC*, 677 F.3d at 1360.

2

6. It is undisputed that the Telenav Defendants and TCS Defendants are accused of infringement by different products. (D.I. 368 at 2; D.I. 413 at 3) The Telenav Defendants' accused products are limited to products developed and designed by Telenav. (D.I. 368 at 2) Similarly, the TCS Defendants' accused products are developed and designed by TCS and NIM. (*Id.*)

7. Vehicle IP argues that, although the allegedly infringing products are different for the two groups of defendants, Rule 20 nevertheless is satisfied and joinder is proper. (D.I. 413) In particular, Vehicle IP suggests that the Telenav and TCS Defendants advance largely identical arguments on all the key issues in the case (*id.* at 5-6); the allegedly infringing acts occurred during the same time period (*id.* at 8-9); Defendants used identically-sourced components in their respective products (*id.* at 9); and Defendants used similar development and manufacturing methods (*id.* at 9-10).

8. The Telenav Defendants argue that the two groups of defendants are competitors, so any similarities between the accused products are because they are all cell phone navigation applications, not the result of joint efforts by the parties. (D.I. 368 at 2) Specifically, the Telenav Defendants argue that there was no collaboration or contractual relationship among the parties relating to the accused products (D.I. 422 at 6-7); the case does not involve a claim for lost profits (*id.* at 7); the identically-sourced components are not central to the infringement analysis (*id.* at 7); and the development methods identified by Vehicle IP are unrelated to the claims of the patent and are the same for every cell phone application created (*id.* at 8-9). The Defendants also argue that joinder would be prejudicial because the Telenav and TCS Defendants are direct competitors. (*Id.* at 2-4; D.I. 420)

9. The first question to consider is whether the accused products are "the same in respects relevant to the patent." *EMC*, 677 F.3d at 1359. Here, the infringement issue concerns whether the Telenav and TCS products have the claimed dispatch for generating and communicating destination information. (D.I. 422 at 8) Although all Defendants focus on the dispatch limitation, the infringement analysis for the Telenav Defendants centers on specifics of the Telenav servers (*id.*), and Vehicle IP does not argue that the TCS Defendants' servers are the same as Telenav's (*see* D.I. 413 at 2). In fact, Vehicle IP acknowledges that Defendants engaged different infringement experts. (*Id.* at 1) Therefore, the Court finds that the accused products differ in respects relevant to the patent.

10. Even assuming the products are the "same" in relevant respects, the six-factor test set out in *EMC* favors severance. Vehicle IP has not argued that there was any relationship between the Telenav and TCS Defendants; in fact, they are direct competitors, which weighs heavily against joinder. (D.I. 368 at 2) Other factors weighing against joinder include that there is no assertion by Vehicle IP of licensing or technology agreements between the Telenav and TCS Defendants, and that there is no claim for lost profits. Although there is some similarity in the development and manufacturing of the accused products and some components (such as cell phones) come from the same sources, those overlaps are due to the fact that the accused products are cell phone applications, and these components are not part of the infringement dispute. (D.I. 422 at 8-9) While both groups of Defendants are accused of infringing during the same time period, this factor does not outweigh the other considerations weighing in favor of severance. On the whole, the Court finds the *EMC* factors to weigh against joinder.

11. Although the Court finds joinder under Rule 20 impermissible and, therefore,

4

severance under Rule 21 is appropriate, the Court may nevertheless exercise its discretion to

consolidate the cases under Rule 42, given the common questions of law and fact here.

Defendants argue that consolidation would be prejudicial to them due to a high likelihood of jury

confusion, a problem compounded by the fact that Defendants are direct competitors and cannot

(under the terms of the governing protective order) see one another's confidential information.

(D.I. 422 at 9; D.I. 420)  The Court largely agrees with Defendants and will, therefore, grant

Defendants' motion to sever with respect to infringement and damages.

12.     With respect to invalidity, however, the calculus is different, and the Court will

deny the motion to sever with respect to invalidity.  Defendants have all retained the same

invalidity expert and rely on identical invalidity arguments; it is in the interest of judicial

economy to consolidate the invalidity trial.  (D.I. 413 at 1; D.I. 422 at 10)[1]  Further, although the

Telenav Defendants identify some invalidity-related evidence that may also be relevant to their

defense for infringement, Defendants have not identified any real prejudice arising from

consolidation on the invalidity issue.

Accordingly, IT IS HEREBY ORDERED that:

A.      Defendants' Motion to Sever (D.I. 367) is GRANTED IN PART AND DENIED

IN PART.

B.      Specifically, the Court will use the nine days set aside for trial in February 2017 as

---

[1]While the Court recognizes that the Telenav Defendants argue that, by the time of trial,
they are likely to present different invalidity arguments than will the TCS Defendants (*see* D.I.
422 at 10), the Telenav Defendants cannot deny that, at present, all Defendants' invalidity
arguments are identical.  It does not serve judicial economy to require two separate juries to
consider identical invalidity challenges.  Additionally, it would be unfairly prejudicial to Plaintiff
to require it to overcome identical (or even largely similar) invalidity challenges before two
separate juries.

follows: (i) a first jury will render a verdict on all invalidity challenges, as part of a consolidated invalidity trial involving all Defendants; and (ii) a second jury will render a verdict on Plaintiff's infringement and damages claims against either the TCS Defendants or against the Telenav Defendants.

C. Plaintiff shall, no later than October 31, 2016, notify all Defendants and the Court of which set of Defendants they elect to proceed against in February 2017 with respect to infringement and damages.

D. Thereafter, no later than November 7, 2016, Plaintiff and the Defendants which will not be having their infringement/damages claims tried in February 2017 shall meet and confer and submit a joint status report advising the Court of their availability for a trial on infringement and damages during the first half of 2017.

E. Because this Memorandum Order has been issued under seal, the parties shall meet and confer and shall, no later than October 21, 2016, submit a proposed redacted version of it. Thereafter, the Court will issue a publicly-available version.

October 20, 2016  
Wilmington, Delaware

HON. LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

UNSEALED ON  
OCTOBER 27, 2016