NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**VEHICLE IP, LLC,**
*Plaintiff-Appellant*

**v.**

**CELLCO PARTNERSHIP, NETWORKS IN MOTION, INC., TELECOMMUNICATION SYSTEMS, INC.,**
*Defendants-Appellees*

———————————

2017-2511

———————————

Appeal from the United States District Court for the District of Delaware in No. 1:09-cv-01007-LPS, Chief Judge Leonard P. Stark.

———————————

Decided: January 22, 2019

———————————

WILLIAM WOODFORD, Fish & Richardson P.C., Minneapolis, MN, argued for plaintiff-appellant. Also represented by JOHN A. DRAGSETH.

JOHN PETER SCHNURER, Perkins Coie, LLP, San Diego, CA, argued for defendants-appellees. Also represented by EVAN SKINNER DAY, KEVIN PATARIU; DAN L. BAGATELL, Hanover, NH; KEVIN PAUL ANDERSON, Wiley Rein, LLP, Washington, DC.

————————————

Before O'MALLEY, REYNA, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Vehicle IP, LLC sued Cellco Partnership; Networks in Motion, Inc.; and Telecommunication Systems, Inc. for patent infringement, but stipulated to a judgment of non-infringement based on the district court's construction of the claim term "dispatch." Vehicle IP now appeals that construction, as well as the district court's grant of the defendants' motion for summary judgment of no willful infringement. Because the district court properly construed "dispatch," we affirm.

I

U.S. Patent No. 5,987,377 covers a system for determining a vehicle's estimated time of arrival at a destination. The system includes a dispatch, remotely located from the vehicle, which generates destination information. This destination information can include one or more destinations, appointment times, traffic information, weather information, or other information "generated by [the] dispatch . . . that facilitates the control or monitoring of [the] vehicle." '377 patent col. 3 ll. 1–9. The dispatch then transmits the destination information to a "mobile unit" carried by the vehicle. *Id.* at col. 1 ll. 57–62. This mobile unit also determines the vehicle's current location. *Id.* at col. 1 ll. 62–65. Using the vehicle's current location and the destination information, the mobile unit calculates the vehicle's estimated time of arrival. *Id.* Claim 1 is representative for purposes of this appeal:

A system for determining an expected time of arrival of a vehicle equipped with a mobile unit, comprising:

a dispatch remotely located from the vehicle, *the dispatch operable to generate destination infor-*

*mation for the vehicle*, the destination information specifying a plurality of way points;

a communications link coupled to the dispatch, the communications link operable to receive the destination information for the vehicle from the dispatch; and

the mobile unit coupled to the communications link, *the mobile unit operable to receive from the communications link the destination information for the vehicle generated by the dispatch*, the mobile unit further operable to determine a vehicle position, the mobile unit further operable to determine in response to the vehicle position the expected time of arrival of the vehicle at a way point identified by the destination information and wherein the communications link comprises a cellular telephone network.

*Id.* at col. 14 l. 62–col. 15 l. 13 (emphases added).

## II

Vehicle IP, LLC sued Cellco Partnership; Networks in Motion, Inc.; and Telecommunication Systems, Inc. (collectively, Appellees) in the United States District Court for the District of Delaware, asserting infringement of the '377 patent. The accused products are applications installable on mobile devices that allow users to request navigation information. Users provide a destination to the mobile application, which prompts the application to send an inquiry to Appellees' servers. The servers generate a response to the inquiry that includes the requested destination and instructions for navigating there. The servers then send this information back to the mobile device that requested it.

The district court initially granted Appellees' motion for summary judgment of non-infringement based on its construction of the claim terms "expected time of arrival"

and "waypoint(s)." After Vehicle IP appealed, we reversed the district court's construction of those terms and remanded for a new determination of whether the accused products infringe the '377 patent. *See Vehicle IP, LLC v. AT & T Mobility, LLC*, 594 F. App'x 636, 644 (Fed. Cir. 2014).

On remand, Appellees again moved for summary judgment of non-infringement, arguing that their products did not infringe the '377 patent because they lack a dispatch. Appellees also sought summary judgment of no willful infringement. Based on its original construction of "dispatch" as "a computer-based communication and processing system remotely located from the vehicle that manages and monitors vehicles," the court denied summary judgment of non-infringement. J.A. 11–13. The court, however, granted summary judgment of no willful infringement, reasoning that Vehicle IP failed to present evidence of anything more than Appellees' pre-suit knowledge of the '377 patent.

Following the district court's summary judgment order, Appellees received leave from the court to argue for an alternative construction of "dispatch." After supplemental briefing, the court adopted a new construction of "dispatch" as "a computer-based communication and processing system remotely located from the vehicle that *supervises and controls* vehicles to *a destination specified exclusively by the computer-based system*." J.A. 30 (emphases added). The court intended for this construction to clarify that "the '377 patent requires the destination to be provided by the dispatch, and only the dispatch." J.A. 32.

Based on the district court's new construction of "dispatch," the parties stipulated that Appellees' accused products do not infringe the '377 patent. Vehicle IP now appeals the court's construction of "dispatch" and its grant of Appellees' motion for summary judgment of no

willful infringement.    We have jurisdiction under 28 U.S.C. § 1295(a)(1).

### III

Vehicle IP challenges three aspects of the district court's decisions.  First, Vehicle IP challenges the prong of the court's "dispatch" construction that precludes the vehicle operator from specifying a destination through the vehicle's mobile unit.  Second, Vehicle IP challenges the prong of the court's "dispatch" construction that requires the dispatch to "supervise and control" vehicles.  Third, Vehicle IP argues the court erred in granting summary judgment of no willful infringement because a reasonable jury could have found that Appellees copied the patented system.  Vehicle IP agrees, however, that the second and third issues are only relevant if we reverse the district court's construction of "dispatch" as precluding vehicle operators from choosing their destinations.  Because we affirm that prong of the district court's construction, we do not reach the remaining issues.

We review the district court's ultimate interpretation of patent claims de novo.  *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 839, 841 (2015).  "[W]hen the district court reviews only evidence intrinsic to the patent (the patent claims and specifications, along with the patent's prosecution history), the judge's determination will amount solely to a determination of law, and [we] will review that construction *de novo*."  *Id.* at 841.

Generally, claim terms are given their ordinary and customary meaning as understood by one of ordinary skill in the art at the time of the invention.  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005).  The terms must be interpreted in the context of the entire patent, including the specification, which usually "is the single best guide to the meaning of a disputed term."  *Id.* at 1315 (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)).

## A

At the outset, two points of clarification are useful. First, the district court's construction relies on a distinction between the initial assignment of a vehicle's destination and the subsequent transmission of destination information to the vehicle. Both parties agree that the claimed system requires the dispatch to transmit a package of destination information to the vehicle's mobile unit. The dispute in this appeal concerns which components of the claimed system can specify the destination for which the dispatch generates destination information.

Second, the parties disagree over the meaning of the district court's "dispatch" construction. The court construed that term to mean "a computer-based communication and processing system remotely located from the vehicle that supervises and controls vehicles to *a destination specified exclusively by the computer-based system*." J.A. 30 (emphasis added). The root of the parties' disagreement is the court's use of the term "exclusively." Vehicle IP interprets the court's construction as requiring that *nothing* external to the dispatch can specify the vehicle destination for which the dispatch generates destination information. In contrast, Appellees view the court's construction solely as a description of the relationship between the dispatch and the vehicle. In their view, the court's construction permits sources other than the dispatch to specify the vehicle destination. It only prohibits the vehicle's mobile unit from specifying the vehicle's destination.

We agree with Appellees' understanding. The memorandum opinion attached to the court's claim construction order makes clear that the court focused on the relationship between the dispatch and the vehicle's mobile unit. In concluding that "only the dispatch" specifies a destination, the court noted that nothing in the specification "suggest[s] that the vehicle operator selects the destina-

tion." J.A. 32. Moreover, while the court addressed Vehicle IP's arguments that some embodiments in the '377 patent's specification describe a vehicle operator selecting a destination, it never discussed the relationship between the dispatch and other external sources of information in its opinion.

The court's focus on the relationship between the dispatch and the vehicle's mobile unit makes sense in light of the parties' infringement dispute. The infringement issue hinged on the respective roles that the dispatch and the vehicle's mobile unit perform in the claimed system. So, the district court reasonably focused its construction of "dispatch" on the relationship between the dispatch and the vehicle's mobile unit. Although the district court's construction of "dispatch" is somewhat ambiguous, we understand the court's construction to require only that, between the dispatch and the vehicle, the dispatch exclusively specifies the vehicle's destination.

B

The district court properly construed "dispatch" to require that the dispatch, rather than the vehicle's mobile unit, must specify the vehicle's destination. The district court looked to the '377 patent's specification to determine how a person of ordinary skill would understand "dispatch" after finding that the term lacks a plain or established meaning in the relevant art. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1361 (Fed. Cir. 2013). And the district court properly recognized that because the term lacks a plain or established meaning, the court should not construe "dispatch" more broadly than the specification's disclosure. *See Indacon, Inc. v. Facebook, Inc.*, 824 F.3d 1352, 1357 (Fed. Cir. 2016) (noting that terms that have no plain or established meaning "ordinarily cannot be construed broader than the disclosure in the specification). Because Vehicle IP does not challenge the district

court's finding that "dispatch" lacks a plain or established meaning, its reliance on *Thorner v. Sony Computer Entertainment America LLC*, 669 F.3d 1362 (Fed. Cir. 2012), is misplaced. *See id.* at 1367–68 (holding that, because the term "attached" had a plain and established meaning in the art, a "clear and explicit statement by the patentee" was required for disavowal).

The specification consistently describes the claimed "dispatch" as specifying the destination for a vehicle's trip. The summary of the invention begins by stating "[t]he dispatch generates destination information for the vehicle, specifying at least one destination." '377 patent col. 1 ll. 55–57. The vehicle's mobile unit then receives this destination information and uses it to determine an expected time of arrival. *Id.* at col. 1 ll. 59–65. In another embodiment, the dispatch "specif[ies] at least one destination and at least one appointment time." *Id.* at col. 2 ll. 2–3. The mobile unit receives this information and calculates an estimated time of arrival to determine whether it will arrive at the destination on time. *Id.* at col. 2 ll. 3–8.

Vehicle IP contends that the specification's references to the dispatch *specifying* a destination do not preclude a vehicle's mobile unit from nonetheless *selecting* the destination that the dispatch specifies. We disagree. Entities other than the dispatch can select the destination that the dispatch specifies to the vehicle. For example, the specification refers to "hosts" that "perform[] the management and control functions for one or more fleets of trucks." *Id.* at col. 3 ll. 14–15. These hosts can transmit destination information to the dispatch that the dispatch then re-routes to specific vehicles. *Id.* at col. 3 ll. 18–29. In contrast, the specification describes the vehicle's mobile units as determining an expected time of arrival "at the destination identified by the destination information received from dispatch." *Id.* at col. 5 ll. 53–54; *see also id.* at col. 1 l. 62–col. 2 l. 8. It would make little sense for the specification to refer to the dispatch's destination infor-

mation as "identifying" the vehicle's destination if the vehicle already possessed that information and had dictated it to the dispatch.

The patent's description of the claimed invention's operations and advantages confirm that the dispatch is the source of the vehicle's destination. It states "transportation systems would benefit from a dispatching function that monitors *and directs* the travel route . . . of its carriers." *Id.* at col. 1 ll. 36–37 (emphasis added). The invention addresses a need of "*dispatchers* of long-haul or local vehicles . . . to make routing and dispatching decisions." *Id.* at col. 1 ll. 39–41 (emphasis added). Thus, the claimed invention produces estimated times of arrival that enable the dispatch to better direct and monitor vehicles. While estimated time of arrival calculations occur at the vehicle's mobile unit, the dispatch determines vehicle destinations.

The specification never suggests that the vehicle's mobile unit can choose the vehicle's destination. Its sole mention of a vehicle operator specifying a destination characterizes it as a problem to avoid. The specification states "destination information is sent directly to mobile unit 42, rather than input by the operator of vehicle 40," so that "the operator of vehicle 40 is not distracted from his main duty of driving vehicle 40, [and] the risk of vehicle 40 being involved in an accident is reduced." *Id.* at col. 6 ll. 61–65. This arrangement also "substantially reduce[s]" the risk of human error in inputting destination information. *Id.* at col. 6 ll. 65–67.

Vehicle IP argues that two passages from the specification describe a vehicle's mobile unit specifying a destination. Neither of the cited passages show what Vehicle IP alleges. First, Vehicle IP argues that the specification describes a vehicle operator directly inputting a destination into the mobile unit. The cited passage describes a vehicle operator inputting information "when vehicle 40 is

at one of its destinations." *Id.* at col. 11 ll. 59–60.  The fact that the vehicle has reached one of its destinations does not mean that it is the source of the other destinations.  Only *after* the vehicle reaches its destination, may the operator "enter the position of the particular destination based upon the position of the vehicle." *Id.* at col. 11 ll. 63–65.  A vehicle operator entering more precise destination information after completing a trip, however, is not equivalent to specifying the destination for a trip.  Although the dispatch can "use the accurate position information for that destination in generating destination information for future trips," *id.* at col. 12 ll.1–3, the dispatch remains in charge of selecting the destination for future trips.

Indeed, this passage reinforces the division of responsibility between the dispatch that specifies a vehicle's destination and the mobile unit that calculates an expected time of arrival for that destination. While the dispatch uses the updated position information to generate destination information on a future trip, the specification only describes the mobile unit as "us[ing] this position information to more accurately calculate an expected time of arrival for that destination." *Id.* at col. 12 ll. 4–5.

Second, Vehicle IP points to a paragraph that describes the vehicle's mobile unit as locally generating some types of destination information.  After stating that "[t]he factors used to calculate expected time of arrival may be . . . generated locally at the vehicle," the specification provides examples of "weather conditions or mandatory driver rest periods that dispatch . . . is unable to predict." *Id.* at col. 6 ll. 2–7.  But the mobile unit's ability to generate different types of local information does not mean that it can also select the vehicle's destination.  The specification never identifies a vehicle's destination as one of the factors that can be generated by the mobile unit.  Moreover, the cited paragraph describes what occurs *after*

VEHICLE IP, LLC v. CELLCO PARTNERSHIP                              11

the vehicle receives "the destination identified by the destination information received from dispatch." *Id.* at col. 5 ll. 54–57. Thus, this passage discloses that a mobile unit can generate some types of destination information, but only after the dispatch specifies a destination.[1]

Given the specification's repeated references to the dispatch specifying vehicle destinations, its descriptions of the claimed invention's operation, and its failure to suggest that vehicle mobile units can specify vehicle destinations, the district court did not err by construing "dispatch" to require that the dispatch, rather than the vehicle's mobile unit, must specify the vehicle's destination.

## IV

For these reasons, we affirm the district court's construction of "dispatch."

### AFFIRMED

---

[1]    This is consistent with our observation in this case's previous appeal that the mobile unit can generate destination information locally. *See Vehicle IP, LLC v. AT & T Mobility, LLC*, 594 F. App'x 636, 638 n.1 (Fed. Cir. 2014).